[Civ. No. 9604. First Appellate District, Division One.—November 14, 1935.]

HARRY C. NORAGER, Respondent, v. MOUNTAIN STATES LIFE INSURANCE COMPANY (a Corporation) et al., Appellants.

Philip O. Solon for Appellants.

John E. Wiese for Respondent.

KNIGHT, J.—This action involves the alleged breach of the provisions of a policy of health insurance. Judgment was entered in favor of plaintiff, the insured, and the insurance companies appeal.

The policy was issued by the appellant Sierra Nevada Life and Casualty Company, whose business was subsequently taken over by the appellant Mountain States Life Insurance Company; and three years after the issuance of the policy and on March 29, 1932, the insured suffered a paralytic stroke which completely paralyzed his left side; and since then he has been totally disabled and under the care of a physician. The clauses of the insurance policy out of which the controversy arises read as follows: "Confining Illness for Life. The Company will pay at the rate of $75.00 per month for disability resulting from disease, the cause of which originates more than fifteen days after the date of this policy, and which confines the Insured continuously within doors and requires regular visits therein, at least once in every seven days, by a legally qualified physician, provided said disease necessitates total disability and total loss of time, and provided that no indemnity will be paid for the first seven days of such disability." "Non-Confining Illness. The Company will pay at the rate of $75.00 per month for the first month, and $37.50 per month for the next two months, for disability resulting from disease, the cause of which originates more than fifteen days after the date of this policy and which does not confine the Insured continuously within doors, but requires regular visits, at least once every seven days, by a

legally qualified physician, provided said disease necessitates total disability and total loss of time, and provided that no indemnity will be paid for the first seven days of such disability, unless such non-confining illness shall immediately follow confining illness, indemnity for which is payable hereunder.''

As called for by the ''Confining Illness'' clause above quoted, the insurer paid the insured $75 a month up to and including the month of April, 1933, at which time he was informed that thereafter the monthly benefit would be reduced to $37.50 for two months, as provided in the ''Non-Confining Illness'' clause, and that at the expiration of said two months the policy would terminate. Accordingly he was given two checks for $37.50 each, covering the months of May and June, 1933, and in July, 1933, said companies purported to cancel the policy. The insured refused to accept said checks in settlement of his claims, and in October, 1933, brought the present action wherein he asked that it be declared that the policy was still in full force and effect, and that he be given judgment for $450, which sum represented the allowance of $75 a month for the preceding· six months as provided in said ''Confining Illness'' clause. The trial court found that the policy was still in full force, and accordingly awarded judgment in favor of the insured for $450.

The refusal of the insurer to continue the payments of $75 a month and its action in purporting to cancel the policy in July, 1933, were based upon the claim that the insured's illness no longer confined him continuously within doors, nor required regular visits at least once in every seven days by a legally qualified physician, and that consequently his case was removed from the ''Confining Illness'' clause of the policy to the ''Non-confining Illness'' clause thereof. And in this connection appellants contend that the decision in *Carabelli* v. *Mountain States Life Ins. Co. et al.*, 8 Cal. App. (2d) 115 [46 Pac. (2d) 1004], is decisive of the present case.

That case was decided subsequent to the trial of the present action, the principal appellant therein, Mountain States Life Insurance Company, being the principal appellant here; and the judgment in favor of the insured was reversed. There, too, the insured suffered a paralytic stroke, and the question presented was the precise one here involved, and it arose out of the clauses of a policy identical with those here under con-

sideration. But a comparison of the two cases clearly demonstrates that other than as above stated, the facts of the present case are essentially different from those of the Carabelli case. There, as the decision states, the insured was able to move about his home and elsewhere unassisted. Habitually he took extended walks alone a considerable distance from his home; and it was not necessary for the doctor to visit him at his home. He was able to and did walk alone sixteen or more times to the doctor's office, which was many blocks from his home; and continuously for a period of five weeks he was unattended by any physician. Here, however, the evidence shows that the insured is practically helpless and has been so since he was stricken. For six months or more he was confined to his bed; and thereafter he was not able to get about, even to move around his home, without assistance. It is true, as appellants point out, that after being bed-ridden for six months plaintiff occasionally visited a barber shop a short distance from his home. But usually he was driven there by his nephew in an automobile, and when he walked he was always accompanied by an attendant, for the reason that someone had to be with him constantly to support and guide him. He was unable to walk alone. Moreover, upon his arrival at the barber shop it was necessary for the barber to assist him into the shop, remove his coat, help him in and out of the barber chair, and afterwards aid him in putting on his clothing. It is true also that the doctor did not keep a complete record of all of his visits, and consequently was unable to state definitely the exact number of times he called upon the insured. But the evidence amply supports the conclusion that he visited the insured in his home at least once in every seven days, and for a considerable period called several times a week. The evidence as a whole is legally sufficient, therefore, to sustain the trial court's finding that the nature of respondent's illness was not such as to remove his case from the provisions of the "Confining Illness" clause of said policy (*Nelson* v. *Washington Fidelity Ins. Co.*, 135 Cal. App. 731 [27 Pac. (2d) 779] ; *Home Protective Assn.* v. *Williams*, 151 Ky. 146 [151 S. W. 361, Ann. Cas. 1915A, 260] ; *Hays* v. *General Assembly American Benevolent Assn.*, 127 Mo. App. 195 [104 S. W. 1141]), and that therefore he was entitled to a continuation of benefits at the rate of $75 a month.

■    Appellants further contend that the original jurisdiction of the action was in the justice court and not the superior court. This contention is based upon the admitted fact that all actions at law arising in the city of Oakland wherein the demand sued upon exclusive of interest amounts to $1,000 or less fall exclusively within the jurisdiction of the justice court (Code Civ. Proc., secs. 81, 103, 112). Appellants argue, therefore, that since the amount sued for herein was only $450 the superior court was without jurisdiction to determine the cause (*Proctor* v. *Justice Court*, 209 Cal. 39 [285 Pac. 312] ; art. VI, sec. 5, Const. of Cal.). Appellants filed no demurrer to the complaint nor was the question of want of jurisdiction suggested by answer or during the course of the trial; but being a jurisdictional question it may be raised for the first time on appeal (*Hallock* v. *Jaudin*, 34 Cal. 167, 173 ; 21 Cal. Jur., p. 268) ; and in our opinion appellants' contention must be sustained. ■    The position taken by plaintiff is that inasmuch as the complaint alleged that the insurer "informed plaintiff that his policy had expired and would not be renewed", and in the prayer of the complaint he asked "that said policy of insurance be declared to be in full force and effect", the action presented an equitable issue which brought it within the jurisdiction of the superior court; and in support of his position plaintiff relies upon the decision rendered by the District Court of Appeal in the case of *Brix* v. *Peoples Mutual Life Ins. Co.*, 76 Cal. App. Dec. 260 [29 Pac. (2d) 233]. Admittedly that case involved the same jurisdictional question here presented, but after the appeal was determined by the District Court of Appeal the cause was taken over by the Supreme Court and it was there held that where as here an insured sues to collect accrued monthly benefits under a policy of insurance claimed to be due up to the time of the commencement of the action, the total amount of which is less than the minimum amount over which the superior court has jurisdiction, the inferior court has original jurisdiction of the action, despite the fact that the complaint contains additional allegations with reference to the future instalments. Such allegations, the Supreme Court holds, do not operate to remove the cause to the jurisdiction of the superior court. (*Brix* v. *Peoples Mutual Life Ins. Co.*, 2 Cal. (2d) 446 [37 Pac. (2d) 448, 41 Pac. (2d) 537].) In other words, it was held in effect that the matter of additional relief is merely

consequential, and does not operate to confer jurisdiction on the superior court. The court went on to say, however, that its decision should not be construed as holding that in case of a transfer of the action to and a retrial thereof in the inferior court the plaintiff might not, after proper amendment to that end, recover all instalments which have fallen due on said policy of insurance since the commencement of said action, provided his total demand does not exceed the jurisdictional limit of the inferior court.

Therefore, in conformity with the decision of the Supreme Court in that case, the judgment herein is reversed.

Tyler, P. J., and Cashin, J., concurred.