[L. A. No. 15139. In Bank.—January 16, 1936.]

HASTRUP L. JACOBSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Ralph G. Lindstrom, Arthur H. Glanz and Betty Marshall Graydon for Petitioner.

Gibson, Dunn & Crutcher, Keith Bullitt, Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

CURTIS, J.—The facts in this case are correctly set forth in our former opinion as follows:

"The petitioner seeks the writ of *mandamus* to compel the respondent superior court to transfer a cause pending therein to the municipal court of the city of Los Angeles. A general demurrer to the petition has been interposed.

"On September 20, 1934, the petitioner brought an action in the respondent superior court entitled *Hastrup L. Jacobson, plaintiff,* v. *Aetna Life Insurance Co., defendant,* numbered 378428 in the files of said court. In said action the plaintiff sought to recover a judgment in the sum of $1,300 and interest, representing the amount alleged to have accrued pursuant to the provisions of an insurance policy providing for payment of $50 per month on account of the permanent total disability of the plaintiff, plus the sum of $8120 paid as premiums since the disability the payment of which it was alleged

was waived by the terms of the policy. The amounts thus sought to be recovered, plus interest, aggregated less than $2,000. The plaintiff also sought a declaratory judgment that he was entitled to future payments of $50 per month during the period of permanent total disability.

"On October 31, 1934, this court filed an opinion and order in the case of *Brix* v. *People's Mutual Life Insurance Co.*, 88 Cal. Dec. 396 [37 Pac. (2d) 448]. In that case a similar action was filed in the superior court in San Francisco wherein the plaintiff sought to recover sums accrued under a similar policy, and instalments to become due in the future. Judgment had been entered in that case for the sums which had become due under the policy, aggregating $1,300, also for sums to become due in the future. In the opinion then filed in that case it was held that the plaintiff was not entitled to recover instalments which had not accrued, that he could not obtain a judgment therefor by resort to the declaratory relief statute, and that the plaintiff consequently was not entitled to a judgment for the future instalments. The decision on that branch of the case was not disturbed in the opinion filed on rehearing (2 Cal. (2d) 446 [41 Pac. (2d) 537]).

"In November, 1934, the petitioner herein filed in the action of *Jacobson* v. *Aetna Life Insurance Co.* an amended complaint, omitting, however, the allegations and prayer with reference to declaratory relief. In December, 1934, the defendant in the action filed an answer and a cross-complaint whereby it sought the cancellation of the policy by reason of the assured's alleged failure to continue payment of the premiums and the alleged consequent lapsing and termination of the policy. Thereafter the petitioner made a motion that the cause be transferred to the municipal court on the ground that the superior court did not have jurisdiction of the cause, but that jurisdiction thereof was exclusively in the municipal court. The respondent court denied the motion and will proceed to try the action unless directed to transfer the same to the municipal court pursuant to section 396 of the Code of Civil Procedure."

The case in its essential facts is much like the case of *Brix* v. *People's Mutual Life Ins. Co., supra.* In that case the action there involved was begun in the superior court. As the amount recoverable was less than the amount necessary to give that court jurisdiction, the case was properly within the

jurisdiction of the municipal court. However, the defendant in that case filed a cross-complaint setting up equitable matters, and it was held that by reason of that fact, the case was properly retained and tried in the superior court. But the Brix case was decided upon appeal from a judgment entered prior to the amendment of section 89 of the Code of Civil Procedure in 1933. This section as amended provided that: "Each municipal court shall have jurisdiction of all cases in equity when pleaded as defensive matter, in any case properly pending in such municipal courts." ██ Under this section as it now reads, the jurisdiction of the municipal court has been extended to include the determination of any equitable issue when pleaded as defensive matter in any case properly triable in such municipal court. ██ The matters therefore contained in the cross-complaint in said action if they are mere matters of defense, were properly cognizable by the municipal court, and the jurisdiction over said court was in that court and not in the superior court. By an examination of the pleadings filed in said action it conclusively appears that the equitable matters pleaded therein merely tend to show that the plaintiff therein was not entitled to recover anything whatever in said policy of insurance for the reason that he was in default in the payments of the premiums called for by said policy. These matters were merely defensive matters and therefore properly cognizable by the municipal court as provided by the 1933 amendment to said section 89 of the Code of Civil Procedure. It is true that said defendant in its cross-complaint prayed for a judgment declaring "that said policy has become cancelled and terminated" and "that all rights under said policy ceased". The result of such declaration would be a judgment that the plaintiff in said action take nothing. By the prayer of its answer the defendant asked for a judgment "adjudging said policy terminated". No affirmative relief is asked for in the cross-complaint that is not also asked for in the answer, and the issues arising out of the complaint and answer in said action are the same as those made by the cross-complaint and answer thereto. In each instance the matters pleaded are matters of defense only. The language, therefore, in the case of *Pacific Finance Corp.* v. *Superior Court*, 219 Cal. 179, 182 [25 Pac. (2d) 983], cited in respondent's brief is not controlling or even applicable to the situation before us.

■ Our attention is called to the recent case of *Tennesen* v. *Prudential Ins. Co.*, 8 Cal. App. (2d) 160 [47 Pac. (2d) 1066], containing language indicating that the 1933 amendment to said section 89 only applies to actions actually pending in municipal courts and not to actions which are improperly brought in superior courts and which are pending therein at the time of the filing of a pleading setting up equitable defensive matters. We think this is entirely too narrow a construction to be placed upon this provision of the section. On the other hand it seems clear to this court that the object of this amendment to the section was to give to municipal courts exclusive jurisdiction over all cases in which equitable matters are pleaded as a defense, when the original jurisdiction of such cases is in the municipal court. The language relied upon by respondent in the Tennesen case was not necessary to the decision therein and cannot be regarded as an authoritative determination of the meaning of said section as amended. In that case, which was commenced in the superior court, the plaintiff asked for equitable relief in his complaint. The action was therefore properly pending in the superior court, and the District Court of Appeal very properly held that "the mere filing of pleadings which raise equitable defenses does not oust the superior court of jurisdiction nor thereby confer jurisdiction upon the municipal court". We have an entirely different situation before us in the present proceeding. After the filing of the amended complaint in the action of *Jacobson* v. *Aetna Life Ins. Co.*, the superior court had no jurisdiction of the case. The case was properly one for the municipal court, and the filing of the cross-complaint which raised an equitable defense did not oust the municipal court of jurisdiction, and confer it upon the superior court. This is the plain intent and purpose of section 89 of the Code of Civil Procedure as amended in 1933.

Let the writ of mandate issue as prayed for.

Shenk, J., Thompson, J., Seawell, J., Langdon, J., Conrey, J., and Waste, C. J., concurred.