TAD TRAVERS, Plaintiff and Appellant, v. ARTHUR J. LOUDEN et al., Defendants and Respondents.

Tanner, Odell & Taft and Everett Shilling for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

SHINN, J.*—This action was brought by Tad Travers against Arthur J. Louden and wife and Robert E. Highman seeking declaratory relief. The Loudens made a motion for summary judgment, the motion was granted and the action was dismissed as to all defendants. Plaintiff appeals. The respondents have not filed a brief.

The amended complaint alleged that on August 12, 1963, Louden agreed to sell and Travers agreed to buy Lot 37, Tract 530, situated in Torrance, California for $35,000; Travers paid $100 of the purchase price; the agreement provided "If for any reason, undersigned, as seller, is unable to deliver a good and merchantable title to said Lot 37 within 90 days from date hereof seller agrees to return said $100 and this agreement shall cease and terminate." The agreement contained other provisions, but none that have any bearing upon the merits of the appeal. The complaint also alleged that on September 15, 1963, plaintiff learned that Highman had recorded an option to purchase part of lot 37 from Louden for $28,000, or, for $5,000 if Louden abandoned a well on the premises; the purchase price was to be paid upon conclusion of a pending action which affected the title "or sooner at the discretion of the undersigned." (Louden.) When Travers and Louden discovered that the option had been recorded they agreed that a suit to quiet title against Highman would be filed, Travers would assist in the suit and pay half the costs, the sales agreement would remain in force "pending said lawsuit" and "that upon quieting title to the property in such lawsuit, said Sales Agreement marked Exhibit A would be consummated"; the suit was filed and Travers assisted in it and offered to pay half the costs. September 15, 1964, Louden sent Travers a check for $100 and a notice that he was unable to deliver title because of the Highman option; Travers refused to consent to termination of the agreement. September 16, 1964, Louden conveyed the lot to

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Highman; Highman then had full knowledge of the Travers agreement; on information and belief that the conveyance to Highman was without consideration. It was alleged that Louden had given notice that he would abandon an oil well on the lot; he had no right to abandon the well and Travers would hold him responsible for $160,000 as damages. It was alleged that the claim of Travers of a right to acquire the property under the agreement was denied by Louden. The prayer of the complaint was merely for declaratory relief, and general relief. There was no specification of rights or duties as to which a declaration was sought, nor as to the nature of the relief that was expected.

The defendants did not demur to the amended complaint or file an answer. In support of the motion of the Loudens for summary judgment, affidavits of Louden and Highman were filed. It was averred in the affidavit of Louden that he sent a check to Travers for $100 and a written notice stating that he was unable to furnish good title to the lot because of the Highman option, and quoting the provision of the agreement which gave him the right to terminate it. It was stated that Travers kept the check and acknowledged Louden's right to terminate the agreement. Highman's affidavit stated that when he received a deed to the lot he paid a valuable consideration for it, he had no knowledge of Travers' claims, and that he conveyed the lot to a third person. Travers filed an affidavit stating that Highman had knowledge of Travers' agreement long before he received a deed. Travers' attorney filed an affidavit stating that the $100 check was returned to Louden. Other statements as to evidentiary matters are not relevant to our discussion.

The order directing summary judgment stated there was no triable question of fact shown to exist; this was the reason for the court's refusal to permit the case to go to trial. We have reached the conclusion that the judgment must be affirmed, but for reasons other than the one adopted by the trial court.

It was shown by the complaint, and not controverted by answer or defendants' affidavits, that there is a controversy whether Louden breached his contract with Travers. If he had a right to terminate the agreement as he did, Travers has not been wronged. If he had no right to so terminate it, Travers may bring a plenary action for damages or for equitable relief. The primary question in that action

would be whether Louden was or was not able to deliver a good title within the agreed time. This issue, as we shall see, was not before the court for decision, nor was any question presented as to the right to redress that Travers might have for the alleged breach of the contract.

The complaint does not allege that Travers has suffered damage, nor pray for damages. It does not purport to state a case for specific performance. It alleges that Louden no longer owns the property and does not name as a party the person who acquired title from Highman. In numerous other respects it fails to allege facts which would have enabled the court to decree specific performance. It does not allege uncertainty as to the meaning of the contract or pray for its interpretation. It merely alleges a breach of the contract as a foundation for some unspecified claim of a right to redress. No facts are alleged which would render necessary or proper a declaration with respect to the future conduct of the parties. The only question posed by the complaint was as to the remedy which plaintiff might pursue. This was a question which the court was not required to answer.

In our research of the subject we have found no authority for the proposition that declaratory relief is proper procedure when the rights of the complaining party have crystallized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court. Rarely has the declaratory procedure been resorted to in such a situation and never, we believe, with success.

In three cases California courts have expressed views upon the subject:

In *Standard Brands of California* v. *Bryce,* 1 Cal.2d 718 [37 P.2d 446], the action was for declaratory relief. The plaintiff appealed from an order transferring the action from the City and County of San Francisco to the County of Los Angeles. The complaint alleged that Barrett and Hilp had erected a building in Los Angeles for the plaintiff and that one Bryce, an adjoining owner, was claiming that in the construction of the building his property had been damaged. The relief sought was a declaration of rights as between plaintiff and Bryce and that the liability, if any, be declared to be that of Barrett and Hilp. In upholding an order transferring the action to the County of Los Angeles the court

held that the threatened suit would be for damages to real property, with venue in Los Angeles County. It was also held that an action for declaratory relief for the settlement of this controversy would not lie. The court said: "The action is not, therefore, declaratory in character, but in fact presents essentially the same issues which would be involved upon a determination of the cause of action which the complaint shows has already accrued, viz., the liability of the respective parties by reason of the acts and conduct claimed to have caused the injuries. The subject matter of an action and the issues involved are determinable from the facts pleaded, rather than from the title or prayer for relief. (*Luckey* v. *Superior Court,* 209 Cal. 360, 366 [287 P. 450], citing 1 Freeman on Judgments, sec. 366.) When as here, the cause of action has already accrued and the only question for determination is the ultimate liability of one party on account of consequential relief to which another is shown to be entitled, it has been held that the nature of the action is not a cause for declaratory relief but is defined by the subject matter of the accrued cause of action. [Citations.]" (P. 721.)

This reasoning of the court was stated with approval in *Fritz* v. *Superior Court,* 18 Cal.App.2d 232 [63 P.2d 872]. In this case the proceeding was in prohibition to prevent the further prosecution of an action for declaratory relief and an injunction. The controversy involved the validity of the claims of the respective parties to act as officers and directors of a corporation. Section 315[1] of the Civil Code provided an appropriate remedy to determine such disputes. In granting a writ to prevent further action in the case the court said, in referring to the declaratory relief sections of the Code of Civil Procedure: "Though the existenec of an available remedy in the ordinary action at law or in equity does not necessarily bar the right to proceed under these sections of the code (*Wollenberg* v. *Tonningsen,* 8 Cal.App.2d 722, 726 [48 P.2d 738]) nevertheless, the character of the action must be determined from an examination of the facts pleaded, rather than from the title or prayer for relief, and when, upon such examination, it appears that the cause of action has already accrued and the only question for determination is the liability or relief for or to which the respective parties are charged, 'the nature of the action is not a

---

[1]Now Corporations Code sections 2236-2238.

cause for declaratory relief but is defined by the subject matter of the accrued cause of action.' (*Standard Brands of California* v. *Bryce,* 1 Cal.2d 718, 721 [37 P.2d 446].)'' (P. 235.)

In *Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484 [110 P.2d 396], the complaint was in several causes of action: breach by the trust company of an escrow agreement; against individuals for civil conspiracy, for money and for declaratory relief. In affirming a judgment of dismissal following the sustaining of a general demurrer the court said: ''The final count of the complaint is, in form, one for declaratory relief. The appellant alleges that a controversy exists between him and the defendants as to their respective rights and obligations under the agreements which have been particularly pleaded. But all of the acts of which he complains were concluded before his suit was commenced and the relief he seeks is for the court to review them and declare that he is entitled to a judgment for $2,500. These allegations do not measure up to the requirements of an action for declaratory relief, and the superior court properly refused to exercise its power to entertain the complaint upon that count. (Code Civ. Proc., §§ 1060, 1061.)'' (P. 489.)

It can be argued that the statements relative to the nature of the declaratory procedure were not necessary to the decisions but, if so, they cannot be brushed aside; not only are they deserving of respect but they state a cardinal principle of that procedure.

There is unanimity of authority to the effect that the declaratory procedure operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them. (See 22 Am. Jur.2d, Declaratory Judgments, §§ 1, 6; 15 Cal.Jur.2d, Declaratory Relief, § 5; *Hannula* v. *Hacienda Homes,* 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268]; Borchard, Declaratory Judgments (2d ed. 1941), pp. 499-560.)

The fact that the procedure operates prospectively does not create a conflict with the established principle that redress for past wrongs may be had in a proper action for declaratory relief. Section 1060 of the Code of Civil Procedure provides in part ''He may ask for a declaration of rights or duties, either alone or with other relief'' etc. In *Colum-*

*bia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747], and *Ermolieff* v. *R.K.O. Radio Pictures,* 19 Cal.2d 543 [122 P.2d 3], the right to redress for past breaches of contract was recognized, but in each case the contract had some time to run and there was need for a declaration as to the future conduct of the parties thereunder. Of course, neither case stands for the proposition that a declaration with respect to past wrongs would be proper when there was no occasion to define respective rights which would govern the future conduct of the parties.

If the use of the declaratory procedure were not limited as it has been, anyone claiming to be the victim of a tort could bring suit against the alleged wrongdoer, merely for a declaration of their respective rights and duties, and this without seeking judgment for damages or other relief. This, of course, would be an odd thing to do, but it is just what Travers has attempted.

■ The court has discretion to refuse to render a declaratory judgment when it would not be necessary or proper under all the circumstances. (Code Civ. Proc., § 1061.)

■ The courts should not temporize with the improper use of the declaratory procedure to gain a preferred position on the trial calendar. (Code Civ. Proc., § 1062a.) Undeserving cases should be disposed of in a summary manner, as upon demurrer. (*Orloff* v. *Metropolitan Trust Co., supra,* 17 Cal.2d 484; see also *Kessloff* v. *Pearson,* 37 Cal.2d 609, 613-614 [233 P.2d 899].) There is no reason why this discretion cannot be exercised on a motion for summary judgment because there the court has before it in affidavit form the evidence of the parties.

No problem is involved in a proper disposition of the appeal. The judgment must be affirmed for the following reasons: The present action is a futile time-consuming effort; at the conclusion of a trial the court would have made no determination as to the claims of Travers against the defendants and Travers would have accomplished nothing; he has not been hurt by the judgment. He may obtain any legal or equitable relief to which he may be entitled in another action. (*Merkley* v. *Merkley,* 12 Cal.2d 543 [86 P.2d 89].)

■ Upon the facts that were before the trial court it appeared, as a matter of law, that a declaratory judgment in the action would not be necessary or proper. It would have been an abuse of discretion to retain the action and send it to trial.

In view of the conclusions we have reached other points raised by appellant do not require discussion. The appeal has no merit.

The judgment is affirmed.

Ford, P. J., and Cobey, J., concurred.

A petition for a rehearing was denied November 3, 1967, and the opinion was modified to read as printed above. Ford, P. J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied November 30, 1967.