[Civ. No. 36896. Second Dist., Div. Four. Dec. 14, 1970.]

MASCARIN PROFESSIONAL PHARMACY, Plaintiff and Appellant, v. KATHRYN JOAN HART, Defendant and Respondent.

## COUNSEL

Martineau & Knudson and Gerald R. Knudson, Jr., for Plaintiff and Appellant.

Ives, Kirwan & Dibble and Martin J. Kirwan for Defendant and Respondent.

## OPINION

KINGSLEY, J.—In April 1968, Barry Froschauser, through his guardian ad litem, brought suit against the present plaintiff (Mascarin), George

Francis Train and George Train, and sundry Does, alleging negligence[1] on the part of the defendants in furnishing potassium chlorate to plaintiff, as a result of which he was injured. Defendant Hart was not made a party to that action. The case proceeded to trial, resulting in a verdict for Froschauer in the aggregate amount of $290,000, including a joint and several judgment against Mascarin and the Trains in the amount of $25,000. The Trains have paid their portion of the judgment, leaving an unsatisfied judgment in favor of Froschauer and against Mascarin in the amount of $265,000 together with interest and costs. Mascarin has appealed from that judgment and the appeal is still pending in this district.[2]

Mascarin then instituted the present action for declaratory relief against the present defendant (Hart), seeking a declaration that it was entitled to indemnity from Hart. The complaint alleges the foregoing facts concerning the Froschauer action, that Hart was an employee of Mascarin, that the negligence involved in the Froschauer action was solely that of Hart and that the recovery against Mascarin was based solely on the theory of *respondeat superior*. Defendant Hart demurred, basing her demurrer on two grounds: (1) that Mascarin was barred from indemnity because the judgment against it was based on its own negligence; and (2) that declaratory relief was improper in that Mascarin's cause of action (if any) against Hart had already matured. The demurrer was sustained, without leave to amend, "on the grounds stated in the moving papers." A judgment (order of dismissal) followed, from which Mascarin has appealed. For the reasons stated below we reverse.

I

■ It is true, as defendant argues, that one who has a fully matured action at law or in equity cannot secure an adjudication of rights by way of an action for declaratory relief, since all of the issues that could be involved in the declaratory relief action can equally be resolved in the plenary action. But that is not this case. Defendant relies on two cases, neither of which is in point. In *Bachis* v. *State Farm Mutual Auto. Ins. Co.* (1968) 265 Cal.App.2d 722 [71 Cal.Rptr. 486], plaintiff had a fully matured claim against an insurance carrier for $1,000, based on an arbitration award. The court held that declaratory relief was not available because the matured claim was cognizable in municipal court, where full relief could be granted. In *Travers* v. *Louden* (1967) 254 Cal.App.2d 926

---

[1]The complaint also contained a second cause of action, alleging wilful misconduct. The jury's verdict was against Froschauer on that cause of action.

[2]By an order of court in 2d Civ. Ext. No. 70-103, Mascarin was allowed to postpone paying the fees for preparation of the transcripts on that appeal until the present appeal shall have been decided.

[62 Cal.Rptr. 654], the court sustained a rejection of a suit for declaratory relief in a case where the court said at page 929: "[T]he rights of the complaining party have crystalized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court."

On the other hand, in *Harvey Mach. Co.* v. *Hatzel & Buehler, Inc.* (1960) 54 Cal.2d 445 [6 Cal.Rptr. 284, 353 P.2d 924], in *Roylance* v. *Doelger* (1962) 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535], and in *Indenco, Inc.* v. *Evans* (1962) 201 Cal.App.2d 369 [20 Cal.Rptr. 90], actions for declaratory relief to secure a determination of a duty to indemnify were allowed where the basic action was pending and undecided.

We regard these latter cases as controlling. Until the appeal from the Froschauer judgment has been determined, and that judgment has become final (if that should be its fate), Mascarin has no matured claim for indemnity against Hart. In the meantime, Mascarin's decisions with reference to the tactics in that appeal, or with reference to settlement negotiations, obviously are affected by the possibility that it may be indemnified by Hart. The case is a proper one for the use of the declaratory judgment procedure.

## II

Defendant contends, also, that it appears from the face of the complaint (reading into it the record in the Froschauer action specifically referred to in the complaint) that Mascarin is barred by its own negligence from seeking indemnity.

Defendant relies on the doctrine stated in *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco* (1968) 267 Cal.App.2d 881, 886-887 [73 Cal.Rptr. 660], as follows: "Notwithstanding the uncertainty generated by the foregoing terminology, two critical prerequisites are generally necessary for the invocation of noncontractual implied indemnity in California: (1) The damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the injured party; and (2) it must appear that the claimant *did not actively nor affirmatively participate* in the wrong."

We can find in the record before us nothing on which to invoke that doctrine. The complaint in *Forschauer* v. *Mascarin* alleged as follows:

## "VIII.

"On or about February 21, 1967 the defendants, and each of them, so negligently mixed, manufactured, sold, distributed, obtained, used, entrusted, permitted, supervised, regulated, controlled and directed the use of

certain ingredients, chemicals, substances, and explosive mixtures and with knowledge of the use to be made of these mixtures so negligently permitted and caused to be created and so negligently used a bomb like item as to proximately cause an explosion severly [*sic*] injuring the plaintiff, BARRY FROSCHAUER, and causing the damages and injuries to the plaintiffs as hereinafter alleged." The verdict was a general verdict in the following form: "We, the jury in the above entitled action, find for the Plaintiff Barry Froschauer . . . under: the 1st cause of action for negligence . . . against the defendant Mascarin Professional Pharmacy. . . ."

The allegation in the Froschauer complaint that the defendant therein named (*i.e.*, Mascarin) had negligently done the acts mentioned in paragraph VIII of that complaint is no more than the standard form of pleading a tort based either on *respondeat superior* or on the personal tort of the named defendant. As the Supreme Court said many years ago, in *Golceff* v. *Sugarman* (1950) 36 Cal.2d 152, at p. 154 [222 P.2d 665]: "It is a generally accepted rule, however, that, 'In order to state a cause of action against defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was in legal effect committed by defendant. This may be alleged either by alleging that defendant by his servant committed the act, or, without noticing the servant, by alleging that defendant committed the act.' " It follows that neither the complaint nor the verdict tell whether Mascarin was guilty of any negligence of its own against Froschauer. The complaint in the declaratory relief action alleges that it was not. As against a demurrer, that allegation is sufficient. If, in fact, Mascarin was so involved in Hart's conduct as to bar it from indemnity, or if Mascarin was solely negligent and Hart was not, the proper procedure is for Hart to answer the complaint and proceed to trial of whatever issues she can and desires to raise.

The judgment (order of dismissal) is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.