[Civ. No. 27568. First Dist., Div. One. July 30, 1971.]

FREDERICK E. WATSON, Plaintiff and Appellant, v. VINCENT C. SANSONE, Defendant and Appellant.

**COUNSEL**

Frederick E. Watson, in pro. per., for Plaintiff and Appellant.

Robert C. Dunn for Defendant and Appellant.

**OPINION**

**ELKINGTON, J.**—Vincent C. Sansone, defendant below, appeals from an order of the superior court, made pursuant to Code of Civil Procedure section 473, setting aside a judgment of dismissal. Plaintiff Frederick E. Watson has cross-appealed from the judgment of dismissal.

The appeals arise out of an action for declaratory relief commenced in San Francisco by plaintiff Watson under the provisions of Code of Civil Procedure sections 1060-1062a, on April 14, 1967. As relevant here the complaint alleges the following.

Plaintiff Watson is an attorney at law, practicing in San Francisco. Defendant Sansone is a physician and surgeon practicing in Eureka, California. A personal injury client of plaintiff, living in Eureka, had been treated or examined by Dr. Sansone. Plaintiff wrote the doctor requesting

him "to send a written report concerning the medical status and future prognosis" of his client. A few days later plaintiff received a registered package from Dr. Sansone, together with a bill for $514. Considering the bill excessive plaintiff returned, without opening, the package, and sent a letter of protest to the doctor. Thereafter Dr. Sansone's attorney in Eureka wrote to plaintiff "threatening to institute suit if plaintiff does not immediately pay the sum of $514 to defendant." No such suit was ever brought.

The complaint concluded that Dr. Sansone's bill was unreasonable; that no contract existed between the parties; that if a contract did exist it was entered into under a unilateral, or mutual, mistake of fact, and, that in any event Dr. Sansone was entitled to no more than the reasonable value of his services. Prayer was made that the court declare the respective rights of the parties.

A demurrer to the complaint was sustained "under the provisions of section 1061, California Code of Civil Procedure" on September 18, 1967. Notice of sustaining of the demurrer was given September 25, 1967. No further proceedings were taken in the action for 21 months when on June 25, 1969, a judgment of dismissal was entered for plaintiff Watson's failure to amend his complaint. (It is from this judgment that plaintiff cross-appeals.) Thereafter, on plaintiff's Code of Civil Procedure section 473 motion, the judgment of dismissal was ordered set aside. It is from this order that Dr. Sansone appeals.

The briefs of the parties are replete with points and theories and arguments thereon. But at the threshold of our inquiry into the case we encounter the question of the superior court's jurisdiction to entertain plaintiff's declaratory relief action.

We observe that the complaint alleged a fully matured, but unjust, claim of Dr. Sansone for $514. The only question on which a judicial declaration was sought was whether that sum or any part of it was owed by the plaintiff. No issue concerning future rights or obligations of the parties was presented, nor could any such issue be carved from the complaint's allegations.

It was said in *Babb* v. *Superior Court,* 3 Cal.3d 841, 848 [92 Cal.Rptr. 179, 479 P.2d 379], "The purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach. '[D]eclaratory procedure operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than to execute them.' (*Travers* v. *Louden* (1967) 254 Cal.App.2d 926, 931 [62 Cal.Rptr.

654]; see *Bachis* v. *State Farm Mutual Auto. Ins. Co.* (1968) 265 Cal. App.2d 722, 727-728 [71 Cal.Rptr. 486].) . . . ."

■ It is now settled law that the superior court does not have *jurisdiction* to entertain a declaratory relief action where, as here, the issue relates solely to a fully matured claim for money in an amount within the jurisdiction of the municipal court, where nothing remains to be done but the payment of money, and where no declaration of future rights and obligations is sought, or necessary, or proper. (*Bachis* v. *State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 [71 Cal.Rptr. 486]; see also *Brix* v. *Peoples Mut. Life Ins. Co.,* 2 Cal.2d 446, 448 [41 P.2d 537]; *Mascarin Professional Pharmacy* v. *Hart,* 13 Cal.App.3d 462, 464-465 [91 Cal.Rptr. 560]; *Travers* v. *Louden,* 254 Cal.App.2d 926 [62 Cal.Rptr. 654]; *Norager* v. *Mountain States Life Ins. Co.,* 10 Cal.App.2d 188, 192-193 [51 P.2d 443]; 1 Witkin, Cal. Procedure (2d ed. 1966) p. 566.)

It is recognized that the foregoing authorities deal with situations where the purported creditor requests a declaratory judgment, while here it is the alleged debtor, Watson, who seeks such relief. But no reason appears why the rule should here operate differently; indeed, the reason for the rule seems strengthened, for here the claimant Dr. Sansone may never seek to judicially enforce his claim. And an adjudication authorizing entertainment of plaintiff's action in the superior court would result in unacceptable anomalies: it would permit any person subject to suit over *any* matter within inferior court jurisdiction, by being the first to move, to have the case tried in the superior court; furthermore, his case (under Code Civ. Proc., § 1062a) must then "be set for trial at the earliest possible date and shall take precedence of all other cases, . . ." Such a result would be disruptive and do clear violence to the purpose of our declaratory relief procedures, i.e., to allow "a judicial declaration of rights in advance of an actual tortious incident [in order] to enable the parties to shape their conduct so as to avoid a breach. . . ." (*Babb* v. *Superior Court, supra,* 3 Cal.3d 841, 848.)

■ It follows that the superior court never had jurisdiction over plaintiff Watson's inadequate declaratory relief action. Having no jurisdiction the court's only power was to dismiss the action. (*Wood* v. *Emig,* 58 Cal. App.2d 851, 857 [137 P.2d 875]; *Cook* v. *Winklepleck,* 16 Cal.App.2d Supp. 759, 768 [59 P.2d 463]; *Estate of Palmieri,* 120 Cal.App. 698, 700 [8 P.2d 152].) Had the action been brought by Dr. Sansone we could properly order it transferred to an inferior court having jurisdiction over his $514 claim. (See *Bachis* v. *State Farm Mutual Auto. Ins. Co., supra,* 265 Cal.App.2d 722, 727; 3 Witkin, Cal. Procedure (2d ed. 1966) p. 2346.) But here plaintiff has not stated a cause of action entertainable by

any court of this state. He has done no more than attempt to set up defenses (under desirable auspices and venue) to an action which Dr. Sansone may, or may never, bring against him.

■ Since we conclude that the trial court's judgment of dismissal of June 25, 1969, must be reinstated and affirmed, plaintiff's attempt thereafter to amend his complaint by adding causes of action for "deceit" and "coercion" and increasing the prayer thereof, cannot give life to his action, or jurisdiction to the court.

The conclusion we have reached has rendered unnecessary a disposition of the remaining points raised by the parties.

The judgment of dismissal filed June 25, 1969, is affirmed; the order of August 12, 1969, vacating and setting aside the judgment of dismissal is reversed. Defendant Sansone will recover his costs on appeal.

Molinari, P. J., concurred.

SIMS, J.—I concur in the affirmance of the judgment of dismissal and the reversal of the order which vacated and set aside the dismissal. I disagree with the conclusion that the question is jurisdictional. I believe that the entertainment of a suit for declaratory relief is a matter within the discretion of the court (Code Civ. Proc., § 1061),[1] and that it was no abuse of discretion to refuse to entertain a suit for declaratory relief under the circumstances alleged in the complaint. The trial court properly so ruled in upholding the demurrer. The plaintiff has not attempted to amend his original cause of action, but merely attempted to buttress it by the addition of a new second cause of action for deceit. Since the court had properly refused to entertain the declaratory relief action, and judgment had been entered on that ruling, there was no warrant for reopening the proceedings for a new cause of action, and the court erred in doing so.

With all due respect to the learned writer of the opinion in *Bachis* v. *State Farm Mutual Auto. Ins. Co.* (1968) 265 Cal.App.2d 722 [71 Cal. Rptr. 486], I do not believe a superseded opinion and dictum in *Brix* v. *Peoples Mut. Life Ins. Co.* (1935) 2 Cal.2d 446 [41 P.2d 537] sustain the principle that there is no jurisdiction in the superior court to determine whether or not declaratory relief should be granted under given circumstances. The court indicated in its final opinion: "It is first contended by appellant that the court had no jurisdiction of either of the causes of action

---

[1]Code of Civil Procedure section 1061 provides: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

as set forth in plaintiff's complaint. This contention we think must be sustained." (2 Cal.2d at p. 448.) Reference to the opinion reveals that the second cause of action was referred to as one which "purports to state a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure." (*Id.*) In the earlier opinion the court had concluded, "The cause of action set forth in plaintiff's second count of the complaint can be regarded in no other light than simply an action to recover the several amounts due on the policy of insurance sued on, and, as the aggregate of these amounts was less than $2,000, the exclusive jurisdiction of said action was in the municipal court of the city and county of San Francisco." (37 P.2d at p. 450.) Since in *Brix* the court finally did approve jurisdiction because of the issues raised by the defendant's answer and cross-complaint, it was not necessary to analyze when an action of declaratory relief may be maintained or whether the question is one of jurisdiction or discretion. For the reasons stated in the superseded opinion in *Brix*, it would be an abuse of discretion to entertain an action for declaratory relief on a matured cause of action for an amount less than the jurisdictional amount of the superior court, just because there were further allegations seeking "a declaration of rights or duties." (See also *Bachis* v. *State Farm Mutual Auto. Ins. Co.*, *supra*, 265 Cal.App.2d 722, 728; *Travers* v. *Louden* (1967) 254 Cal.App.2d 926, 929-932 [62 Cal.Rptr. 654]; and *Norager* v. *Mountain States Life Ins. Co.* (1935) 10 Cal.App.2d 188, 192-193 [51 P.2d 443]; and cf. *Mascarin Professional Pharmacy* v. *Hart* (1970) 13 Cal.App.3d 462, 464-465 [91 Cal.Rptr. 560].)

In this case it is the debtor not the creditor who seeks a declaration of his rights and duties. It cannot be said that plaintiff has a cause of action for consequential relief which he can assert in the same or another forum. (Cf. *Kessloff* v. *Pearson* (1951) 37 Cal.2d 609, 613 [233 P.2d 899].) Nevertheless, for the reasons set forth in the majority opinion the trial court properly exercised its discretion under section 1061 of the Code of Civil Procedure, and the judgment thereafter entered was a final disposition of the matter. I am not prepared to say that in every case the obligor who is in doubt concerning the extent of his duties and who desires to proceed lawfully may not take the initiative by filing an action under section 1060. "The purpose of a declaratory judgment is 'to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation.' [Citations.]" (*Maguire* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062]. See also *Columbia Pictures Corp.* v. *DeToth* (1945) 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].) There well may be circumstances under which the superior court could entertain an action for declaratory relief brought by an obligor against an

obligee even though the amount in controversy is within the monetary jurisdiction of an inferior court.[2]

---

[2]Since 1968 (Stats. 1968, ch. 503, § 1, p. 1146, amending subd. (g) of § 89 of the Code Civ. Proc., and see Stats. 1969, ch. 773, § 1, p. 1549, renumbering section) the municipal courts have limited jurisdiction over cross-complaints for declaratory relief to establish a right of indemnity. (See *Jacobson* v. *Superior Court* (1936) 5 Cal.2d 170, 173 [53 P.2d 756].)