102 Cal.Rptr.2d 371 (2000)
85 Cal.App.4th 654
EQUILON ENTERPRISES, LLC, Plaintiff and Appellant,
v.
CONSUMER CAUSE, INC., Defendant and Respondent.
No. B130701.
Court of Appeal, Second District, Division Two.
December 18, 2000.
Review Granted April 11, 2001.
*373 McCutchen, Doyle, Brown & Enersen, Leslie G. Landau, Colleen P. Doyle, Deborah A. Nolan and Robert A. Brundage, San Francisco, for Plaintiff and Appellant.
*374 Pillsbury Madison & Sutro and Michael J. Steel, San Francisco, for California Chamber of Commerce and Chemical Industry Council of California as Amicus Curiae on behalf of Plaintiff and Appellant.
Mehrban, Ghalchi & Yeroushalmi, Kamran Ghalchi, Morse Mehrban and Reuben Yeroushalmi, Los Angeles, for Defendant and Respondent.
Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General, Craig C. Thompson, Acting Senior Assistant Attorney General and Edward G. Weil, Deputy Attorney General, for The People of the State of California as Amicus Curiae on behalf of Defendant and Respondent.
*372 BOREN, P.J.
Proposition 65, formally known as the Safe Drinking Water and Toxic Enforcement Act of 1986, authorizes private citizens to sue to enforce its provisions after first giving written notice of a water pollution violation. The notice encourages polluters to "clean up their act" before they are sued, and it alerts government authorities to water pollution problems. A consumer group sent a notice of intent to sue under Proposition 65 to two oil companies and to several government agencies. The consumer group's notice asserted that the oil companies' gas stations are releasing toxic chemicals into the soil and polluting local groundwater.
The oil companies targeted by the Proposition 65 notice promptly responded to the specter of litigation with a preemptive lawsuit against the consumer group. The trial court dismissed the oil companies' case on the grounds that it is an impermissible strategic lawsuit against public participation (SLAPP). We affirm because (1) Proposition 65 notices fall within the type of speech or right to petition protected by the SLAPP statute, and (2) the oil companies are unlikely to prevail on their claims.

FACTS
On October 14, 1998, respondent Consumer Cause gave notice of its intent to sue for alleged violations of Proposition 65. The notice asserts that 78 specified Shell and Texaco gas stations in Los Angeles and Ventura Counties have been polluting local groundwater by discharging benzene, lead and toluene into the soil beneath their facilities since October 9, 1994. The notice was sent to the state Attorney General, the Los Angeles County District Attorney, the Los Angeles City Attorney, Shell Pipe Line Corporation and Texaco, Inc.
Appellant Equilon Enterprises L.L.C., the successor-in-interest to Shell and Texaco, did not seek clarification of the Proposition 65 notice from Consumer Cause. Instead, Equilon filed a lawsuit for declaratory and injunctive relief against Consumer Cause on December 17, 1998. Equilon seeks a judicial declaration that the Proposition 65 notice served by Consumer Cause fails to comply with the requirements of the California Code of Regulations. Equilon claims that the notice was not served on the proper parties and does not describe the alleged toxic chemical discharges with sufficient particularity. Equilon also seeks to enjoin Consumer Cause from filing a Proposition 65 enforcement action.
Consumer Cause asked the trial court to strike Equilon's complaint on the grounds that it violates the statutory prohibition on SLAPP suits. The trial court agreed and dismissed Equilon's action. Equilon appeals.[1]

DISCUSSION

1. Overview of the SLAPP Statute

In 1992, the Legislature enacted a law regulating SLAPP's, finding that "there *375 has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." (Code Civ. Proc, § 425.16, subd. (a).)[2] The statute is aimed at "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue...." (§ 425.16, subd. (b)(1).)
An act in furtherance of a person's constitutional right of petition or free speech includes: (1) any statements made in an official proceeding before any of the three branches of government; (2) any statements made in connection with an issue under consideration or review by a government body; (3) any statements made in a public forum in connection with an issue of public interest; or (4) "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)
The Legislature directs that the SLAPP statute "be construed broadly," declaring that "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." (§ 425.16, subd. (a).) The goal is to eliminate meritless or retaliatory litigation at an early stage of the proceedings. (Liu v. Moore (1999) 69 Cal.App.4th 745, 750, 81 Cal. Rptr.2d 807; Macias v. Hartivell (1997) 55 Cal.App.4th 669, 672, 64 Cal.Rptr.2d 222.)
Legal commentators have identified a SLAPP as (1) a civil complaint or counter-claim for monetary or injunctive relief, (2) filed against nongovernment individuals or groups, (3) because of their communication to the government or the electorate, (4) on an issue of public interest or concern. (Braun, Increasing SLAPP Protection: Unburdening the Right of Petition in California (1999) 32 U.C. Davis L.Rev. 965, 969, citing Pring, SLAPPs: Strategic Lawsuits Against Public Participation (1989) 7 Pace Envtl. L.Rev. 3, 8; Tate, California's Anti SLAPP Legislation: A Summanj of and Commentary on Its Operation and Scope (2000) 33 Loyola L.A. L.Rev. 801, 803.)
The paradigm SLAPP arises from an environmental dispute. Typically, a citizens' public interest group protests against the business activities of a well-funded private enterprise, claiming that the enterprise is causing or will cause environmental damage. The enterprise files a SLAPP against the environmental activists claiming defamation, interference with prospective economic advantage, nuisance, emotional distress, and so on. (Wilcox v. Superior Court (1994) 27 Cal.App.4th 809, 815-816, 33 Cal.Rptr.2d 446.) The SLAPP delays, distracts, and imposes litigation costs on the activists. (Dixon v. Superior Court (1994) 30 Cal.App.4th 733, 741, 36 Cal.Rptr.2d 687.) "[W]hile SLAPP suits `masquerade as ordinary lawsuits' the conceptual features which reveal them as SLAPP's are that they are generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." (Wilcox v. Superior Court, supra, 27 Cal.App.4th at p. 816, 33 Cal.Rptr.2d 446.)
A lawsuit that effectively curtails a person's right to petition or free speech is subject to a special motion to strike. (§ 425.16, subd. (b)(1).) There are two components the court must consider when such a motion is made. First, the court determines whether the moving party has carried its burden of showing that the lawsuit falls within the class of suits covered by section 425.16. (Wilcox v. Superior Court, supra, 27 Cal.App.4th at p. 819, *376 33 Cal.Rptr.2d 446.) Second, the court determines whether the party bringing the suit has established that there is a probability it will prevail on its claim. (§ 425.16, subd. (b)(1).)

2. Equilon's Lawsuit Falls Within the Purview of the SLAPP Statute

Consumer Cause must make a threshold showing that it was sued after engaging in conduct covered by the SLAPP statute. The prima facie case is established when the party invoking SLAPP statute protection shows that it made a statement against its opponent (a) in connection with an issue of public interest, or (b) in connection with a legislative, executive or judicial proceeding, or any other official proceeding authorized by law, even if the statement does not concern an issue of public interest. (Briggs v. Eden Council for Hope & Opportunity (1999) 19 Cal.4th 1106, 1113-1114, 1118, 81 Cal. Rptr.2d 471, 969 P.2d 564; Wilcox v. Superior Court, supra, 27 Cal.App.4th at pp. 819-820, 33 Cal.Rptr.2d 446.)
Both aspects of a prima facie case are present here.
First, the notice sent by Consumer Cause concerns Equilon's alleged ground-water pollution, which is a matter of public interest. The Safe Drinking Water and Toxic Enforcement Act that Consumer Cause is seeking to apply was enacted by state initiative, indicating a high degree of public concern for the quality and safety of the state's supply of drinking water. The Act is "a remedial statute intended to protect the public from, among other things, toxic contamination of its drinking water." (People ex. rel. Lungren v. Superior Court (1996) 14 Cal.4th 294, 314, 58 Cal.Rptr.2d 855, 926 P.2d 1042.) The notice sent by Consumer Cause thus addresses a health issue that is a matter of indisputable public interest and significance.
Second, the notice sent by Consumer Cause is part of a proceeding authorized by law. Proposition 65 authorizes any person to bring suit to enforce its provisions "in the public interest." (Health & Saf. Code, § 25249.7, subd. (d).) The first step mandated by Proposition 65 for private enforcement is to send out a 60-day notice of intent to sue, which is generated in connection with an official proceeding, i.e., a proposed lawsuit in the public interest. (Ibid.) The notice is sent to state and local government agencies to enable those agencies to investigate and, if necessary, institute a lawsuit against the polluter. (Ibid.) As a result, Proposition 65 notices implicate the constitutional right to petition. (See Briggs v. Eden Council for Hope & Opportunity, supra, 19 Cal.4th at p. 1115, 81 Cal.Rptr.2d 471, 969 P.2d 564.)
Equilon insists that this is not a SLAPP because its motives in suing Consumer Cause are pure, because it has no intention of curtailing the right of Consumer Cause to petition the government in connection with a matter of public interest. Equilon has engrafted a motive or intent requirement that is not contained in the plain language of section 425.16. The legislative concern is that the cause of action "aris[e] from" an act in furtherance of the constitutional right to petition or free speech. (§ 425.16, subd. (b)(1).) No mention is made in the statute regarding proof of the plaintiffs motives or intent. We decline to impose a burden on the party seeking protection from the SLAPP statute of proving that the plaintiff was motivated by an improper purpose. The intent and purpose of the lawsuit may be addressed by the plaintiff when it attempts to establish its ability to prevail on the merits.
In short, the notice sent by Consumer Cause under Proposition 65 falls squarely within the type of constitutional speech or right to petition that is protected by the SLAPP statute. Consumer Cause has surmounted the first hurdle toward securing a dismissal under the special motion to strike mechanism of section 425.16.

*377 3. It Is Unlikely that Equilon Will Prevail on Its Claim

Having agreed that Consumer Cause established a prima facie case that it was sued after exercising its First Amendment right to petition the government in connection with a public issue, our next step is to determine whether there is a reasonable probability that Equilon will prevail on its claim. (§ 425.16, subd. (b)(1); Wilcox v. Superior Court, supra, 27 Cal. App.4th at pp. 824-825, 33 Cal.Rptr.2d 446.) Equilon bears the burden of establishing this point. Evans v. Unkow (1995) 38 Cal.App.4th 1490, 1496, 45 Cal.Rptr.2d 624; Robertson v. Rodriguez (1995) 36 Cal. App.4th 347, 355, 42 Cal.Rptr.2d 464.) On appeal, we conduct a de novo review of the record to ascertain the sufficiency of the plaintiffs showing. (Monterey Plaza Hotel v. Hotel Employees & Restaurant Employees (1999) 69 Cal.App.4th 1057, 1064, 82 Cal.Rptr.2d 10.)
To determine the probability that the plaintiff will prevail, the court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)
Equilon seeks a judicial determination that the Proposition 65 notice sent by Consumer Cause is deficient and fails to comply with the California Code of Regulations.[3] Equilon alleges that the notice is deficient because Consumer Cause (a) served an improper entity, Shell Pipe Line Corporation, as "violator," (b) did not give notice of the violation to the Ventura County District Attorney, and (c) did not "provide sufficient specific information for each gas station as to the time period of alleged discharge, the nature of the alleged discharge, and the identification of the alleged sources of drinking water." Equilon also seeks an injunction based on the same facts, claiming that the deficient notice violates its due process rights.
Declaratory relief actions are appropriate when there is an actual, present controversy between the parties to a contract or written instrument, or a party desires a declaration of his or her rights with respect to another, or there is a dispute over property. (§ 1060; Maguire v. Hibernia S. & L. Soc. (1944) 23 Cal.2d 719, 728, 146 P.2d 673.) The construction or validity of a statute, ordinance or regulation is also a proper subject of declaratory relief. (Monahan v. Dept. of Water & Power (1941) 48 Cal.App.2d 746, 751, 120 P.2d 730; see 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 815, pp. 270-271 and cases cited therein.) The purpose of the judicial declaration is to enable parties to shape their conduct to avoid a prospective breach; the purpose is not to redress past wrongdoing. (Babb v. Superior Court (1971) 3 Cal.3d 841, 848, 92 Cal.Rptr. 179, 479 P.2d 379.) Declaratory relief is equitable in nature. (Dills v. D
elira Corp. (1956) 145 Cal.App.2d 124, 129, 302 P.2d 397.)
Not every dispute is an appropriate subject for declaratory relief. Declaratory relief may be refused when a judicial "declaration or determination is not necessary or proper at the time under all the circumstances." (§ 1061.) This is such a case.
There are important public policy reasons for concluding that declaratory relief is not necessary or proper in the context of Proposition 65 private enforcement actions. The explicit purpose of the initiative is to allow members of the public to pursue water polluters because government investigation and prosecution was perceived as ineffectual or inadequate. The initiative declares: "The people of California find that hazardous chemicals pose a serious potential threat to their health and well-being [and] that state government agencies have failed to provide them with adequate protection. . . ." (Historical *378 and Statutory Notes, 40C West's Ann. Health & Saf.Code (1999 ed.) foil. § 25249.5, p. 279.) The goal of public participation in the enforcement process would be thwarted if every Health and Safety Code section 25249.7 notice could be subject to preliminary litigation by way of a declaratory relief action. Citizens and environmental groups will think twice before they alert government officials to water pollution violations by sending out the notice, if they fear they will be sued for doing so. The chilling effect of a rule allowing Proposition 65 private enforcers to be sued before they themselves decide to bring suit would seriously undermine the goals of the state initiative.
Equilon has an adequate remedy at law that does not require equitable intervention. If Consumer Cause elects to pursue litigation, Equilon is entitled to raise the deficiencies in the Proposition 65 notice by way of demurrer, in a motion for summary judgment, or as an affirmative defense.[4] By filing this declaratory relief action, Equilon seeks to litigate its defenses to a main action that Consumer Cause may never file.[5]
The courts generally do not entertain declaratory relief actions filed in response to a mere threat to sue on a matured claim relating to past misconduct. This is especially true when it appears that the equitable action is "no more than [an] attempt to set up defenses (under desirable auspices and venue) to an action which [the defendant] may, or may never, bring against him." (Watson v. Sansone (1971) 19 Cal.App.3d 1, 5, 96 Cal.Rptr. 387.) If the Attorney General, district attorney or city attorney elects to pursue litigation against Equilon, the notice sent by Consumer Cause becomes moot because government officials are authorized to sue polluters without giving any prior notice. (Health & Saf.Code, § 25249.7, subd. (c).) In such a case, Consumer Cause will have unnecessarily incurred burdensome costs litigating the sufficiency of a notice that became moot.
There is a final reason why we conclude that Equilon is unlikely to prevail on the merits of its case. The Proposition 65 notice sent by Consumer Cause is privileged under Civil Code section 47, subdivision (b), as a publication made to initiate a judicial or other official proceeding authorized by law. Among other things, the privilege applies (1) to communications to government officials asking them to investigate malfeasance or initiate formal proceedings, and (2) to demand letters from an attorney to a potential adversary. (Silberg v. Anderson (1990) 50 Cal.3d 205, 213, 266 Cal.Rptr. 638, 786 P.2d 365; Slaughter v. Friedman (1982) 32 Cal.3d 149, 156, 185 Cal.Rptr. 244, 649 P.2d 886; Dove Audio, Inc. v. Rosenfeld, Meyer & Susman (1996) 47 Cal.App.4th 777, 781-783, 54 Cal. Rptr.2d 830.) The notice in this case is a communication to government officials asking them to investigate and prosecute groundwater pollution violations and it is a demand letter to a potential adversary. The statements made in the notice are in preparation for potential litigation and function as a necessary step in the litigation process, because Consumer Cause is required by law to give notice before filing an enforcement action. (Health & Saf. Code, § 25249.7, subd. (d).) We readily conclude that a Proposition 65 notice is protected by the absolute privilege afforded *379 by Civil Code section 47, subdivision (b).
The privilege operates as a bar to Equilon's suit, even though Equilon has sued for declaratory and injunctive relief rather than for monetary damages. Communicative acts that come within the absolute protection of Civil Code section 47, subdivision (b), cannot be the subject of an injunctive relief proceeding. (Rubin v. Green (1993) 4 Cal.4th 1187, 1202-1203, 17 Cal.Rptr.2d 828, 847 P.2d 1044.) "If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." (Id. at p. 1203, 17 Cal.Rptr.2d 828, 847 P.2d 1044.)
In this instance, Equilon seeks an injunction barring Consumer Cause from filing an enforcement action. The request for an injunction is, on its face, based on the absolutely privileged Proposition 65 notice served on Equilon, the Attorney General, the district attorney and the city attorney. This is a case in which "permitting plaintiffs claim for injunctive relief . . . would upset the carefully constructed balance between `the freedom of an individual to seek redress in the courts and the interest of a potential defendant in being free from unjustified litigation'. . . ." (Rubin v. Green, supra, 4 Cal.4th at p. 1203, 17 Cal.Rptr.2d 828, 847 P.2d 1044.) In such cases, the privilege of Civil Code section 47, subdivision (b), prevents the plaintiff from securing an injunction.
Proposition 65 authorizes Consumer Cause to bring an enforcement action 60 days after serving a notice of intent to sue, so long as no government agency has commenced an action against the violator. (Health & Saf.Code, § 25249.7, subd. (d)(l)-(2).) The statute provides no mechanism for the target of the Proposition 65 notice to delay or bar the filing of the enforcement action with a request for declaratory or injunctive relief. Under the circumstances, there is no basis for preventing Consumer Cause from filing suit.

CONCLUSION
Consumer Cause has established a prima facie case that it was sued by Equilon for engaging in the type of conduct that is protected by section 425.16, the SLAPP statute. A notice of intent to sue under Proposition 65 is a matter of public interest, and is made in connection with a proceeding authorized by law, thereby implicating the constitutional right to petition the government.
Equilon has failed to establish that there is a reasonable probability it will prevail on the merits of its lawsuit against Consumer Cause. A cause of action for declaratory or injunctive relief is not a proper remedy for a party who receives a Proposition 65 notice of intent to sue. Equilon has an adequate remedy at law to address any deficiencies in the Proposition 65 notice by raising the deficiencies as a defense to an enforcement action. Equilon's request for relief is also barred because the Proposition 65 notice is absolutely privileged. Accordingly, the trial court properly dismissed Equilon's action under the SLAPP statute.
Consumer Cause may bring a motion in the trial court to recover the attorney fees and costs that it incurred in connection with this appeal.

DISPOSITION
The judgment is affirmed.
NOTT, J., and TODD, J., concur.
NOTES
[1] The order is appealable. (Kyle v. Cannon (1999) 71 Cal.App.4th 901, 906, 84 Cal. Rptr.2d 303.)
[2] All future statutory references are to the Code of Civil Procedure, unless otherwise indicated.
[3] The contents of the Proposition 65 intent to sue notice are prescribed by stale regulation. (Cal.Code.Regs., tit. 22, § 12903.)
[4] For example, in several cases involving the federal Clean Water Act, which has a citizen enforcement provision (33 U.S.C. § 1365), the courts entertained on a motion for summary judgment the polluters' attack on the lack of specificity in a 60 day intent to sue notice, after citizen groups sued for environmental law violations. (Atlantic States Legal Fdn. v. Stroh Die Casting (7th Cir.1997) 116 F.3d 814, 816, 819-820; Public Interest Research Group v. Hercules, Inc. (3d Cir. 1995) 50 F.3d 1239, 1241, 1244-1249.)
[5] As noted by amici curiae California Chamber of Commerce and Chemical Industry Council of California, "very few [Proposition 65] notices actually result[] in the filing of litigation."