[Civ. No. 37749. Second Dist., Div. One. Aug. 20, 1971.]

SOUTHERN COUNTIES GAS COMPANY OF CALIFORNIA,
Plaintiff and Respondent, v.
VENTURA PIPELINE CONSTRUCTION COMPANY,
Defendant and Appellant.

374

**COUNSEL**

William T. Selby for Defendant and Appellant.

Cohen, Whitfield & Osborne, Thomas B. Osborne and Theodore J. England for Plaintiff and Respondent.

**OPINION**

**LILLIE, J.**—Since May of 1949, pursuant to a series of so-called master contracts, defendant has installed underground utility pipelines for use by plaintiff in the transmission of natural gas. However, contrary to a specification in the contract to that effect, defendant in several instances failed to apply protective coating or wrapping, thus hastening the process of corrosion. Commencing in July of 1967, gas leaks were reported at several locations; investigation revealed that they were caused by corrosion

due to the above coating or wrapping deficiency. Immediate repairs were made on each occasion by plaintiff's employees, and defendant thereafter refused plaintiff's demand that it be indemnified for, and held harmless from, the cost of such repairs. Plaintiff by its complaint then sought reimbursement for the cost of such repairs ($1,026.30) and a declaratory judgment determining the respective rights and duties of each party under the series of contracts. The trial court ordered reimbursement of the sums expended, as prayed, and also declared the rights of the parties under the several agreements pursuant to plaintiff's additional prayer.

The principal question on defendant's appeal from the judgment is whether the superior court was authorized to grant declaratory relief, thus properly retaining jurisdiction of the matter; if not, as urged by defendant, the proceeding should have been transferred to the municipal court since the amount in controversy was less than $5,000.

 A complaint for declaratory relief can be filed only in the superior court (Code Civ. Proc., § 1060). Accordingly, where the request for such relief is bona fide and not a vehicle for forum shopping or calendar preference, it has been consistently held that the superior court has jurisdiction regardless of the amount in question. (*Silverman* v. *Greenberg,* 12 Cal.2d 252, 254 [83 P.2d 293]; *Ralphs etc. Co.* v. *Amalgamated Meat etc.,* 98 Cal.App.2d 539, 542 [220 P.2d 802].) "It is the general rule that in an action for declaratory relief the complaint is sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that the rights and duties be adjudged. (Code Civ. Proc., § 1060.) If these requirements are met, the court must declare the rights of the parties whether or not the facts alleged establish that the plaintiff is entitled to a favorable judgment." (*Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 549-550 [305 P.2d 20].) In determining whether the above requirements have been met, the court should liberally construe the complaint to bring the pleading within the ambit of the governing statute (*Strozier* v. *Williams,* 187 Cal.App.2d 528, 531 [9 Cal.Rptr. 683]); thus, in accord with this principle, "A complaint is sufficient if a decree would serve in a practical way to stabilize a dispute which otherwise may lead to disastrous results or defer the realization of the purposes of the contract." (*Ralphs etc. Co.* v. *Amalgamated Meat etc., supra,* p. 543.)

In the present case the dispute arose over which of two sections in the

contracts should be held applicable.[1] Specifically, defendant urged that its obligations were limited by section 11,[2] entitled "Guarantee," whereas plaintiff asserted that the rights and duties of the parties were measured by the provisions of section 7.1(b),[3] appearing under the heading "Indemnity and Liability." According to defendant, section 11 restricted its liability only to those defects concerning which it was notified "within one year" after installation, no such notification was given as to the claims for repairs asserted at trial and, *a fortiori*, no action could validly lie for future claims, if any, asserted thereinafter. On the other hand, since section 7.1(b) contains no time limit, plaintiff urged that defendant was liable thereunder for all damages to its facilities caused by breaches of the specification pleaded regardless of the time of their discovery; plaintiff additionally asked for a declaration as to whether the costs of such inspection for possible future claims could be chargeable to defendant under the contracts in question.

The trial court found in pertinent part that at the time and places alleged (with one exception) defendant failed to wrap the facilities it installed; that this was contrary to good workmanlike practice; that the failure to wrap permitted corrosion to occur which, in turn, caused gas leaks; that until said leaks were discovered, plaintiff was not aware of defendant's failure to completely wrap said facilities. ██ ██ From the

---

[1] As for the monetary award, it is not now contended that the evidence fails to support the determination that the facilities were installed by defendant and that the reasonable cost of repairs was in the sum demanded by the complaint.

[2] Section 11: "In addition to the specific guarantees required by other provisions in this agreement and the specifications for the work, Contractor guarantees all the work to be performed and all the materials to be furnished by him or his subcontractors (except for paving repairs) against defects in materials or workmanship which may develop *within a period of one year* from the date of final acceptance of the completed work by Company. Contractor shall, within a reasonable time after receipt of written notice of any such defects, correct or replace the defective work and shall pay for any resulting damage without cost to Company. If Contractor does not correct such defective work within a reasonable time after notice thereof, Company may correct such defects and charge to Contractor all costs plus a reasonable supervisory fee. Contractor guarantees paving repairs only to the extent that such shall be done pursuant to specifications and to the satisfaction of the controlling governmental authority." (Italics added.)

[3] Section 7.1(b): "Contractor shall also indemnify Company against, and save it harmless from, all liability and claims, demands, damages and costs of every kind, and shall upon request by Company defend all suits, for injury to or death of any and all other persons, including, without limitation, employees and representatives of Company; and for injury, destruction, loss or consequential damages to property, including that of Company, resulting from or in connection with the performance of the work under this contract, excluding from this paragraph injuries to or deaths of persons, and injury, destruction, loss or consequential damage to property, resulting solely from negligence on the part of Company's employees or representatives."

above the following conclusions of law (among others) were drawn: section 7.1(b) obligated defendant to pay plaintiff the reasonable cost incurred in making repairs; defendant was not obligated to pay for excavation of other facilities installed by it for the purpose of determining other similar breaches of the contract; and "7. Said judgment will be conclusive only on claims actually presented at the trial and not with respect to future .claims, if any, based upon leaks discovered subsequent to the trial resulting from corrosion due to failure of defendant to wrap other facilities it installed pursuant to said contract." In a memorandum opinion, the trial court declared that the two sections (7.1(b) and 11), respectively relied on, were consistent though redundant. In the court's view, section 11 covered faulty work in the installation of the facilities,[4] whereas section 7.1(b) applied to damage to plaintiff's property caused by faulty work; further in the court's opinion, section 7.1(b) was not limited to the claims of third persons and provided a contractual basis of liability for the claims asserted in plaintiff's complaint.

We conclude that the court's interpretation of the two sections is correct. ■ Section 7.1(b) being an obligation to indemnify, "Indemnity agreements, like other contracts, must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful. . . ." (*Indenco, Inc.* v. *Evans,* 201 Cal.App.2d 369, 374 [20 Cal.Rptr. 90].) ■ Too, " 'the construction . . . given to a contract by the parties before any controversy has arisen as to its meaning will, when reasonable, be adopted and enforced by the courts.' " (*Crestview Cemetery Assn.* v. *Dieden,* 54 Cal.2d 744, 753 [8 Cal.Rptr. 427, 356 P.2d 171].) ■ In this regard, there was evidence that as far back as 1965 (at least three years before commencement of the present action in 1968) complaints of unwrapped field joints were made to defendant; pursuant thereto, at least one payment was made to plaintiff based upon defendant's failure to wrap field joints. (Defendant does not suggest that such payment was made simply because plaintiff filed its claim within one year [pursuant to section 11] and hence the court could properly infer otherwise.) Furthermore, there was extensive testimony relating to the risk contemplated under the agreement in question. Thus, defendant's responsibility was to install underground coated pipe procured by plaintiff; if properly installed with protective coating and wrapping, the pipe would last indefinitely; if not so wrapped, corrosion would develop more rapidly; a minimum of three to five years is required for the existence

---

[4]Thus, section 11 was held applicable to the claim resulting from the loose cap discovered at a certain location in Santa Susana.

and consequences of such failures to become apparent. Plaintiff properly points out that protection which expires (within one year) before the need therefor arises is no protection at all. As in *Harvey Mach. Co.* v. *Hatzel & Buehler, Inc.,* 54 Cal.2d 445, 448-449 [6 Cal.Rptr. 284, 353 P.2d 924], "The accident, in these circumstances, was one of the risks, if not the most obvious risk, against which [plaintiff] sought to be covered. This realistic approach cannot be sacrificed to the formalism of rules of construction where the circumstances are inconsistent with the need of an application of such rules in order to determine the parties' intentions."[5]

In light of the above considerations we find substantial evidence in the record to support the court's construction of the relevant portions of the agreement in suit. ■ " 'It is well-settled that an appellate court will accept the interpretation of a contract adopted by the trial court and will not substitute another of its own where parol evidence has been introduced in aid of its interpretation and such evidence will support conflicting inferences. [Citations.]. . .' " (*Collins* v. *Home Savings & Loan Assn.,* 205 Cal.App.2d 86, 101 [22 Cal.Rptr. 817].)

■ ■ The trial court having correctly construed the applicable portions of the contract to permit future claims based on leaks thereafter discovered, if due to the wrapping failures hereinabove discussed, there is the further question whether declaratory relief was the sole means by which such rights and duties could be adjudicated. ■ (As previously shown, it is not improper to seek declaratory relief and damages simultaneously even if the latter demand is less than the jurisdictional minimum.) ■ Defendant relies on the rule that declaratory relief should be denied where all of the issues involved in the declaratory relief action can equally be resolved in the plenary action—the above principle was adverted to in *Mascarin Professional Pharmacy* v. *Hart,* 13 Cal.App.3d 462, 464 [91 Cal.Rptr. 560]. That decision, however, points out that the facts there pleaded did not establish that plaintiff's claim for indemnity had fully matured; it also distinguished two cases cited by defendant there, and defendant here: *Bachis* v. *State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 [71 Cal.Rptr. 486], and *Travers* v. *Louden,* 254 Cal. App.2d 926 [62 Cal.Rptr. 654]. In *Bachis* plaintiff had a fully matured claim against an insurance carrier for $1,000 based on an arbitration

---

[5]One such rule, to which the above realistic approach must yield, declares that any uncertainties should be interpreted against the party-draftsman who caused them to arise; but, as noted in *Beverly Hills Oil Co.* v. *Beverly Hills Unified Sch. Dist.,* 264 Cal.App.2d 603, 611 [70 Cal.Rptr. 640], such rule is simply one which must be balanced against others applied in the construction of agreements.

award; the court held that declaratory relief was not available because the matured claim was cognizable in municipal court where full relief could be granted. In *Travers,* the court rejected a suit for declaratory relief where the rights of the complaining party had already "crystallized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court." (*Supra,* p. 929.)

The facts at bar are likewise dissimilar. A gas leak due to the causes alleged in the complaint would not become noticeable for from three to five years; since 1961 defendant had installed thousands of feet of underground pipeline for plaintiff in connection with a multitude of jobs; the leaks discovered through the time of trial (March 1970) related to installations made during the years 1962-1964. Absent a physical examination and inspection of the underground lines, no way existed whereby it could be said that other deficiencies would not present problems in the future. As was held in *Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind,* 67 Cal.2d 536, 541 [63 Cal.Rptr. 21, 432 P.2d 717], in actions for declaratory relief future and contingent legal rights may be encompassed by the relief therein granted. " 'Thus, while it has been said that the declaratory judgment acts necessarily deal with the present rights, the "present right" contemplated is the right to have immediate judicial assurance that advantages will be enjoyed or liabilities escaped in the future.' [Citation.]" (*Supra,* fn. 2.) Accordingly, since plaintiff herein has not only present claims for indemnification as to corrosion damage previously discovered, but also the prospect, if not the likelihood, that additional incidents will continue to reoccur, the matter represented "a continuing controversy ripe for decision." (*DiGiorgio Fruit Corp.* v. *Dept. of Employment,* 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487].) Otherwise stated, where "there is a reasonable expectation that the wrong [if any] will be repeated," the controversy does not present mere academic questions resulting from mootness or other considerations and declaratory relief should not be denied. (*Pittenger* v. *Home Savings & Loan Assn.,* 166 Cal.App.2d 32, 37 [332 P.2d 399].)

 The above discussion disposes of all contentions on appeal save one, which is subsidiary in nature. Specifically, the claim is made that a previously quoted conclusion of law (No. 7) violates the rule requiring a unitary determination of all damages accruing from a breach of contract; such rule, however, is not applicable to actions for declaratory relief. In such an action the plaintiff has no obligation to submit for determination all or any part of accrued claims for coercive relief he may then possess as a part of the application for a declaratory judgment.

(*Lortz* v. *Connell*, 273 Cal.App.2d 286 [78 Cal.Rptr. 6].) ▉ As stated in *Lortz,* at page 300: "It is generally recognized that since coercive relief may or may not be requested in an action for declaratory relief, a party will not be barred from seeking such relief by further proceedings in the same or a new action. 'Consequential or incidental relief may be obtained in an action in which a declaratory judgment is sought, but the failure to seek such relief in such action or suit does not constitute a bar to other proceedings to enforce the rights determined by the judgment, whether such other proceeding is by petition filed in the declaratory action or in a separate and independent suit or action subsequently filed, but predicated, however, upon the declaration of rights contained in the declaratory judgment.' [Citations.]" ▉ Furthermore, "Every agreement to indemnify another is dependent upon the happening of some event or events before the indemnity is payable." (*Weaver* v. *Grunbaum,* 31 Cal. App.2d 42, 50 [87 P.2d 406].) Under the construction adopted by the trial court with respect to the facts before it, the damage protected against by the indemnity provision (§ 7.1(b)) was the corrosion of gas piplines to the point at which gas would escape in noticeable quantities.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.