[Civ. No. 31342. First Dist., Div. Four. Jan. 30, 1973.]

ELMER L. WEST et al., Plaintiffs and Appellants, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

## Counsel

Quinn, Quinn & Quinn, James H. Quinn and Jay R. Mayhall for Plaintiffs and Appellants.

Bledsoe, Smith, Cathcart, Johnson & Rogers, Robert A. Seligson and James J. Marchiano for Defendant and Respondent.

## Opinion

**GOOD, J.**[*]—On November 8, 1969, appellants were injured when their car was rear-ended. Appellants were insured by respondent under a policy containing a provision for medical payments up to $1,000 per person, per occurrence. Appellants received and paid for medical treatment sums approximating $900. On November 9, appellants notified respondent's local agent of the accident. There was no contact between the insured and insurer until after appellants had settled their claim against the driver of the other vehicle for $2,700. On June 26, 1970, they then made demand on respondent for payment of the medical expenses incurred as stated above. Their demand was based on the following clause of the then policy:

"Coverage C—Medical Payments. . . . [The insurer is obligated] . . . to pay reasonable medical expenses incurred within one year from the date of the accident:

"Division 1. to or for the first person named in the declarations and, while residents of his household, his spouse and any relative of either who sustains bodily injury, caused by accident, while occupying the owned automobile, or through being struck by any land motor vehicle or trailer other than (1) a vehicle operated on rails or crawler-treads, or (2) a farm type tractor or equipment designed for use principally off public roads, while not upon public roads."

Respondent refused payment in reliance on policy condition No. 4, which reads in pertinent part:

"Upon payment under coverages C . . . of this policy this company [respondent] shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving

---

[*]Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

Appellants (insureds) filed an action in declaratory relief against respondent (insurer) to establish their right to recovery. After a nonjury trial, the superior court found in respondent's favor and judgment was entered accordingly. This appeal ensued and the following questions are presented:

A. Is the insurance policy condition No. 4 (the "subrogation" provision) void as an attempt to assign a cause of action for personal injury?

B. Should the cause be remanded in order to ascertain reasonable attorneys' fees in favor of appellants under the "common fund" theory?

As to question A: Appellants contend that policy condition No. 4 is invalid as constituting an assignment of a cause of action to recover damages for personal injuries insofar as medical specials are involved. ■ It is well settled that such an assignment is prohibited by Probate Code section 573 as well as at common law, but that an agreement to reimburse an insurer in the event of recovery of such damages by an insured from a third party tortfeasor by either judgment or settlement is valid and there is no legal prohibition against an insurer requiring its insured to provide it with a lien to the extent of benefits paid under the policy against any recovery by the insured from a third party. (*Fifield Manor* v. *Finston* (1960) 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813]; *Peller* v. *Liberty Mut. Fire Ins. Co.* (1963) 220 Cal.App.2d 610, 612 [34 Cal. Rptr. 41]; *Block* v. *Cal. Physicians' Service* (1966) 244 Cal.App.2d 266, 270 et seq. [53 Cal.Rptr. 51].) Those cases and others cited therein appear to rest the validity of such provisions upon whether their effect does or does not purport to enable the insurer to pursue recovery against a third party in its own name. The validity of a provision that might require the insured to file an action in his own name is not a question posed herein. The provision in question in the present case does not effect a transfer to the insurer of any cause of action the insured might have against a third party.

■ Appellants argue that the use of the word "subrogated" and the requirement that the insured or anyone receiving medical payments shall execute and deliver instruments and papers and do whatever else is necessary to secure such subrogation have the combined effect of a prohibited assignment of a tort cause of action. The argument fails because the subrogation is not to the chose in action but "to the proceeds of any settlement

or judgment that may result from the exercise of any rights of recovery" the injured person may have against third persons. The "subrogation" does not arise until proceeds of settlement or judgment come into existence.

■ The argument that said provision is ambiguous is not sound. Although the contractual language is not a model of precision, the contentions of appellants rest upon a strained rather than reasonable construction of the policy's terms. The provision is within the bounds of validity as established in *Block* v. *Cal. Physicians' Service, supra.* Our response to question A is, therefore, in the negative.

■ As to question B: Our answer again is a negative one. We need not decide whether, in the circumstances of record herein, the settlement proceeds constituted a "common fund" because it would reimburse the insurer as against any medical payments under the policy. If it were deemed a "common fund," the insurer could be required to share in attorneys' fees at the direction of the trial judge. (*In re Trinity Tractor Co.* (1970) 3 Cal.App.3d 428, 444-445 [83 Cal.Rptr. 783]; *Bank of America* v. *West End etc. Co.* (1940) 37 Cal.App.2d 685, 697 [100 P.2d 318].) The question of attorneys' fees in the present case is not purely a question of law. Appellants did not ask for attorneys' fees in their pleadings nor otherwise raise these issues in the trial court. They cannot raise them for the first time on appeal. (Cf. 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 282, p. 4271.)

The judgment is affirmed.

Devine, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.