[Civ. No. 41098. First Dist., Div. One. Feb. 21, 1978.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION
INTER-INSURANCE BUREAU, Plaintiff and Respondent, v.
VELMA HOFFMAN, Defendant and Appellant.

**COUNSEL**

Husted, Pinney, Ogg & Caccia, W. M. Pinney, Jr., Malcolm L. McPhee and William Flenniken, Jr., for Defendant and Appellant.

Staiger, Yank, Molinelli & Preston and Frank E. Preston for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—Defendant Bruce Hoffman (hereafter sometimes, for convenience and clarity, Bruce) was the named insured of an automobile liability insurance policy written by plaintiff California State Automobile Association Inter-insurance Bureau (hereafter C.S.A.A.). Also insured *against liability for physical injuries to another* was any "relative of the named insured by blood or marriage who is a resident of the named insured's household; . . .:" But the policy excluded from its coverage *liability for physical injuries to such a relative "who is a resident of the named insured's household."* (Italics added.) ·

While a passenger in the insured automobile driven by Bruce the named insured, his mother, defendant Velma Hoffman (hereafter sometimes, for convenience and clarity, Velma), suffered bodily injuries claimed to have been proximately caused by Bruce's negligence. She made claim upon Bruce and C.S.A.A. for damages for her injuries. The claim resulted in C.S.A.A.'s instant action for declaratory relief, in which the superior court determined that Velma's claim was excluded from the policy's coverage. The appeal is taken by Velma from the judgment.

The issue is one of law upon which we must make our independent determination. (*Pechtel* v. *Universal Underwriters Ins. Co.* (1971) 15 Cal.App.3d 194, 201 [93 Cal.Rptr. 53].) The question is whether Velma was "a resident of the named insured's [i.e., Bruce's] household." If she was, it is conceded that her claim is not covered by C.S.A.A.'s policy.

The only evidence produced on the subject in the superior court was that Velma was the *head of the household* in which Bruce resided. The parties there contended that the policy's critical language was at least

ambiguous. And they argued that the well-known rule of construction of such ambiguities against an insurance company (see *Holz Rubber Co., Inc.* v. *American Star Ins. Co.* (1975) 14 Cal.3d 45, 55 [120 Cal.Rptr. 415, 533 P.2d 1055]) mandated the meaning of a "household" of which the named insured was "the head." So construing the policy, the claim of Velma would not be excluded from the policy's coverage.

The same contention is made here. It is founded mainly upon the authority of *Juzefski* v. *Western Cas. & Surety Co.* (1959) 173 Cal.App.2d 118 [342 P.2d 928]. In that case an automobile liability insurance policy extended coverage against liability to an insured while "driving a car other than his own," but nevertheless excluded such coverage for liability caused by " 'any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or *a member of his household* other than a private chauffeur or domestic servant of the named insured or spouse.' " (Italics added.) At issue, as here, was the connotation to be given the words "his household." Without citation of authority, the majority of a divided court stated (pp. 122-123): "Illustrative of the ambiguity of the exclusionary provisions is that aspect of the policy which apparently denies coverage if the insured is operating a vehicle which he or a member of his household owns (other than the insured vehicle), or one which is furnished for his regular use or the regular use of a member of his household. Does 'his household' mean a household of which he is a part, or does it refer to a household of which he is the head? The extent of coverage varies considerably depending upon the meaning which is assigned to the phrase 'his household.' The trial court concluded that Seymour's insurance did not cover the instant accident for the reason, *inter alia*, that the Packard was being furnished for the regular use of his mother, a member of his (the son's) household, and for the further reason that it was owned by his father, a member of his (the son's) household. As Seymour was not the head of the household, the trial court must have construed 'his household' to mean a household of which he is a part. While this construction is not unreasonable, the phrase is equally susceptible to a more limited construction, viz., that the exclusionary provisions under consideration do not become operative unless the automobile is owned by or furnished to a member of a household of which the insured is the head. This ambiguity, under the authorities to which reference has already been made, must be resolved against the insurer. So considered, the exclusionary provisions under discussion do not apply to the facts of the instant case."

This holding, if it be the law, is determinative of the appeal before us.

But we find the holding of *Juzefski* v. *Western Cas. & Surety Co.,* without exception insofar as we can determine, contrary to settled law throughout the nation. We review some of this authority.

*Cartier* v. *Cartier* (1931) 84 N.H. 526 [153 A. 6]. The insurance policy's exclusionary clause covered " 'accidents to members of the assured's household, . . .' " At issue in the action was whether "the excepting clause of the policy deals with a household of which the insured is the head and more than a member." Applying the test of " 'what a reasonable person in the position of the insured would have understood [the phrase] to mean,' " the court found no ambiguity. It stated (p. 7): "In considering the purpose of the excepting clause of the policy it is clear enough that it was meant to avoid the insurer's liability to indemnify for injuries to members of the insured's household, *whether or not he was its head. . . . In sense and reason the insurer had no occasion in issuing a policy to one belonging to a household to make a distinction according as he was or was not its head.* Such a difference would be wholly of caprice. Recognizing the increased hazard in cases of family accidents, the insurer purposed to avoid it generally, and the excepting clause makes the purpose apparent. [¶] There is nothing in the wording or phrasing of the clause which should reasonably give the insured occasion to think it had a narrower application. The phrasing is well adapted to express the broad purpose of the clause. It is not a case where it may fairly be said that different language would have been used if such a purpose were intended." (Italics added.)

*Rathbun* v. *Aetna Casualty and Surety Company* (1956) 114 Conn. 165 [128 A.2d 327]. Joseph Rathbun was the named insured and owner of a Ford automobile insured by Aetna. The policy insured him against liability for injuries to another while operating the Ford or any other private automobile. But such coverage was excluded while he was operating such another private vehicle " 'registered in the name of the named Insured or any member of the household thereof.' " While driving his sister's private Willys automobile he had an accident causing his death and injuries to certain passengers. The passengers recovered a judgment against Joseph's administratrix, and then sought to hold Aetna responsible for its satisfaction under the policy on Joseph's Ford. Recognizing the rule that "Ambiguous language in an insurance policy will be construed liberally to cover a loss claimed to be within the terms

of the policy," the court found no ambiguity in the policy's language, " 'the named Insured or any member of the household thereof.' " And giving effect to the exclusionary provision the court concluded that Joseph and his sister "were members of the same household and that under the terms of Joseph's policy he was not covered as the driver of the automobile registered in [his sister's] name."

*Tomlyanovich* v. *Tomlyanovich* (1953) 239 Minn. 250 [58 N.W.2d 855, 50 A.L.R.2d 108]. The policy excluded "any member of the 'family' of the insured residing in the same household as insured . . . ." The court found the term "family" synonymous with the word "household." Stating that it was "committed to the rule that, inasmuch as the language of an insurance policy is that of the insurer, any reasonable doubt as to the meaning must be resolved favorably to the insured," the court then said, "Words used in contracts of insurance, however, like any other contract, must be given the meaning they ordinarily convey to the popular mind." Rejecting the contention of a plaintiff seeking insurance coverage that the words " 'family of the insured' includes only those members of the group of which the insured is the head," the court, quoting other authority with approval, said: " 'We cannot accept that construction. In normal speech, one's household is the familial or residential group with which one lives; *a wife or child, as well as the pater familias, has a household.*' "

*State Farm Mutual Automobile Insurance Company* v. *Borg* (8th Cir. 1968) 396 F.2d 740, 741. An automobile insurance policy excluded coverage for bodily injury " 'to the insured or *any member of the family of the insured* residing in the same household as the insured.' " (Italics added.) The clause was interpreted to mean " '*any member of [the same family as the insured]* residing in the same household as the insured.' " (To the same effect see *Johnson* v. *State Farm Mutual Automobile Ins. Co.* (8th Cir. 1958) 252 F.2d 158.)

*Farm Bureau Mut. Automobile Ins. Co.* v. *Violano* (2d Cir. 1941) 123 F.2d 692 (cert. den., 316 U.S. 672 [86 L.Ed. 1747, 62 S.Ct. 1043]). Here the policy excluded from coverage any liability of a relative of the named insured or " '*any member of his household*' " (italics added) resulting from the operation of a vehicle other than the insured automobile. It was argued (as it is argued here) that the "household" of the exclusionary clause "must be taken to mean 'a household of which he [the named insured] is the head.' " The argument was rejected by the court which

said (p. 695): "We cannot accept that construction. *In normal speech, one's household is the familial or residential group with which one lives; a wife or child, as well as the pater familias, has a household.*" (Italics added.)

*Lontkowski* v. *Ignarski* (1959) 6 Wis.2d 561 [95 N.W.2d 230]. Excluded from the policy's coverage was a "member of [the named] insured's household." The court stated (p. 233): "The term 'his household' may include persons other than those to whom the named insured bears the relationship of *pater familias* or head of the house. *'His' household does not connote ownership or supremacy but means the household of which he is a member.* . . . [¶] It is nevertheless argued that the exclusion clause of the policy is obscure and ambiguous and should therefore be construed most strongly against the insurance company. . . . [¶] . . . As said by the trial judge in his well considered opinion, 'It is not for the court to rewrite contracts of insurance for the parties, nor to emasculate by strained construction the intent of the parties thereto, so long as the contract provisions do not violate the laws of the land or public policy.' " (Latter italics added.)

To the same general effect see *Campbell* v. *Aetna Casualty and Surety Co.* (4th Cir. 1954) 211 F.2d 732, 736; *Aler* v. *Travelers Indemnity Co.* (D.Md. 1950) 92 F.Supp. 620, 623; *Dressler* v. *State Farm Mutual Automobile Ins. Co.* (1963) 52 Tenn.App. 514 [376 S.W.2d 700]; *LeRoux* v. *Edmundson* (1967) 276 Minn. 120 [148 N.W.2d 812]; *Andrews* v. *Commercial Casualty Ins. Co.* (1935) 128 Neb. 496 [259 N.W. 653, 655]; *State Farm Mutual Automobile Ins. Co.* v. *Briscoe* (1967) 245 Md. 147 [225 A.2d 270]; *Leteff* v. *Maryland Casualty Company* (La.App. 1956) 91 So.2d 123, 136; *Home Ins. Co.* v. *Pettit* (1932) 225 Ala. 487 [143 So. 839, 841]; 7 Appleman, Insurance Law and Practice (rev.ed. 1962) section 4411, page 389 et seq.

Adverting now to the questioned phrase of the insurance policy before us, i.e., "resident of the named insured's household," we observe no ambiguity. As ·said in *Cartier* v. *Cartier, supra,* 153 A. 6, 7: "In considering the purpose of the excepting clause of the policy it is clear enough that it was meant to avoid the insurer's liability to indemnify for injuries to members of the insured's household, whether or not he was its head."

█ An ambiguity in an insurance policy cannot be based upon a strained, rather than a reasonable, interpretation of the policy's terms. (*West v. State Farm Mut. Auto. Ins. Co.* (1973) 30 Cal.App.3d 562, 566 [106 Cal.Rptr. 486].) █ "Absent circumstances indicating a contrary intention, words in an insurance policy are to be used in their plain, ordinary and popular sense." (*Farmers Ins. Exch. v. Harmon* (1974) 42 Cal.App.3d 805, 809 [117 Cal.Rptr. 117]; *Burke Concrete Accessories, Inc. v. Tolson* (1972) 27 Cal.App.3d 237, 241 [103 Cal.Rptr. 513].) And where the terms of an insurance policy are plain and explicit, a court will not indulge in a forced construction so as to cast a liability upon the insurance company which it has not assumed. (*New York Life Ins. Co. v. Hollender* (1951) 38 Cal.2d 73, 81 [237 P.2d 510]; *Allstate Ins. Co. v. Shmitka* (1970) 12 Cal.App.3d 59, 67 [90 Cal.Rptr. 399].)

█ We are of the opinion that the relied upon case of *Juzefski v. Western Cas. & Surety Co., supra,* 173 Cal.App.2d 118, is contrary to the great weight of authority and is not supported by sound reasoning. For that reason we believe that it does not state the law of California. (See *Matter of Ford* (1911) 160 Cal. 334, 348 [116 P. 757] [disapproved on other grounds in *In re Peterson* (1958) 51 Cal.2d 177, 182 (331 P.2d 24)]; *First Nat. Bank v. Pomona Tile Mfg. Co.* (1947) 82 Cal.App.2d 592, 608 [186 P.2d 693]; *In re Hadley* (1943) 57 Cal.App.2d 700, 703 [135 P.2d 380]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 691, pp. 4606-4608.)

We have also considered the case of *Island v. Fireman's Fund Indemnity Co.* (1947) 30 Cal.2d 541, 547 [184 P.2d 153, 173 A.L.R. 896], holding that the term "household" is ambiguous, since "the term may have different meanings under different circumstances." The court was there concerned with the question whether the father of one who had entered military service four months previously was a "member of his [absent son's] household." That patent ambiguity was properly resolved in favor of coverage by the policy. Here we are concerned with the expression "resident of the named insured's household," which reason and the great weight of authority tell us is not ambiguous as used in C.S.A.A.'s automobile liability insurance policy.

We accordingly hold that the language of the automobile liability insurance policy here at issue—"resident of the named insured's household"—has the meaning of *resident of the same household as the named insured.*

It follows that the judgment of the superior court was without error, and must therefore be affirmed.

The judgment is affirmed.

Sims, Acting P. J., and Kelly, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 20, 1978. Tobriner, J., Mosk, J., and Manuel, J., were of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.