[No. B007431. Second Dist., Div. Seven. Dec. 18, 1985.]

JAY FINEBERG, Plaintiff and Respondent, v.
SIDNEY NIEKERK et al., Defendants and Appellants.

COUNSEL

Robert Eugene Smith and Harvey A. Schneider for Defendants and Appellants.

Lloyd D. Robinson & Associates and Garry S. Shay for Plaintiff and Respondent.

OPINION

JOHNSON, J.—

### FACTS AND PROCEEDINGS BELOW

This is a contract dispute between the producer of a film, Fineberg, and the distributor, Niekerk.

Fineberg brought this action for breach of contract and accounting on behalf of himself and as general partner of Pink Champagne Productions against Niekerk, individually, and Cal Vista International, Ltd., a corporation. Fineberg alleged a contract with defendants for the distribution of a film called Pink Champagne. Under the contract the producer was to receive from the distributor a minimum guarantee of $130,000 payable within 24 months of the film's first play date, October 1980. The complaint alleged the 24-month period had elapsed and the balance of the minimum guarantee was due and unpaid.

Niekerk and Cal Vista filed a general denial to the complaint. At trial, they produced a contract similar to the one alleged by Fineberg except the Niekerk contract did not contain the clause setting a specific time for the payment of the guarantee. Niekerk contended the contract between the parties did not require payment of the minimum guarantee until the termination date of the contract, November 1989. He further contended that counting a $30,000 advance acknowledged by Fineberg, certain expenses incurred by Niekerk in connection with the film, and royalties already paid, the $130,000 minimum guarantee was satisfied.

The trial court found the contract introduced by Niekerk was the one binding the parties. The court interpreted that contract as not specifying when the guarantee was payable therefore it was payable within a reasonable time. The court found a reasonable time to be four years after the first play date. The court found, further, the expenses to the distributor could not be offset against the minimum guarantee.

Judgment was granted for Fineberg declaring the amount due on the minimum guarantee and that the amount was payable not later than October 28,

1984. The court determined Fineberg was the prevailing party and awarded attorneys' fees pursuant to the contract. We affirm with one modification.

DISCUSSION

A. *The Trial Court Correctly Granted a Declaratory Judgment on the Contract Proven by the Evidence*

Niekerk contends Fineberg's failure to establish the existence of the contract alleged in the complaint was a fatal failure of proof. There can be no breach or accounting with respect to a nonexistent contract. He argues the trial court erred when it converted plaintiff's cause of action for breach of a specifically alleged contract into a cause of action for declaratory relief with respect to a different contract.

Where a party alleges facts amounting to a certain cause of action and the evidence sets forth an entirely separate set of facts constituting an entirely different cause of action from the one pled, the result is not an immaterial variance but a failure of proof. (Cf. Code Civ. Proc., §§ 469, 470 with § 471; *Earp* v. *Nobmann* (1981) 122 Cal.App.3d 270, 286 [175 Cal.Rptr. 767] and see, Vold, *When Is a Variance Immaterial Under the Code of Civil Procedure?* (1956) 29 So.Cal.L.Rev. 182, 191.) In determining if a failure of proof has occurred, the provisions of sections 469-471 should be interpreted liberally in favor of the plaintiff so that disputes can be settled expeditiously where to do so would not prejudice the defendant. (See *Earp* v. *Nobmann, supra,* at p. 286; Vold, *supra,* at p. 186.)

Under the circumstances of the case before us we find the trial court properly treated the action as one for declaratory relief.

Although we have found no case directly on point, there are decisions treating the pleading of one contract and proof of another as a matter of variance, not failure of proof. In one such case, *Johnson* v. *De Waard* (1931) 113 Cal.App. 417 [298 P. 92], the plaintiff pled an oral contract; defendant answered setting forth a written contract. At trial the court proceeded on the basis of the written contract offered by the defendant. A judgment was granted in favor of the plaintiff and against the defendant on its counterclaim. On appeal, the court rejected the defendant's argument there was a failure to prove the allegations contained in the complaint. The court acknowledged, "When a cause of action is based upon one contract and the proof establishes an entirely different contract, the case is one of failure of proof . . . ." But the court added, "[w]hen the contract pleaded and the contract proved are essentially the same, the judgment may stand if the proof is sufficient." (*Id.,* at p. 422.) The court found the terms of the

oral contract and the written contract were not identical but covered the same subject matter. (*Ibid.*) The court found, further, defendant could not claim it was prejudiced by the trial court's reliance on the written contract because it was the defendant who brought that contract into the case. (*Id.,* at p. 423.) (See also *Chelini* v. *Nieri* (1948) 32 Cal.2d 480 [196 P.2d 915]; *Mile* v. *California Growers Wineries, Inc.* (1941) 45 Cal.App.2d 674 [114 P.2d 651].)

In the case before us, the two contracts cover the same subject matter. As relevant to the action, their terms are identical except for the provision concerning payment of the balance of the minimum guarantee within 24 months of the film's first play date. Therefore, this case does not involve a judgment based on an entirely separate set of facts than those alleged in the complaint. (Cf. *Lewis* v. *South S. F. Yellow Cab Co.* (1949) 93 Cal.App.2d 849 [210 P.2d 62]; *Schirmer* v. *Drexler* (1901) 134 Cal. 134, 139 [66 P. 180].) To the extent there was a variance in the contracts, it was made to appear and explained as part of the defendants' own case. (Cf. *Johnson* v. *De Waard, supra,* 113 Cal.App. at p. 423.)

A cause of action for breach of contract and for declaratory relief have much in common. After all, what is a breach of contract action if not a "controversy relating to the legal rights and duties of the respective parties"? (Code Civ. Proc., § 1060.) And, what is a judgment in a breach of contract action if not an affirmative or negative "declaration of . . . rights or duties" under the contract? (*Ibid.*) (See, e.g., *Southern Counties Gas Co.* v. *Ventura Pipeline Constr. Co.* (1971) 19 Cal.App.3d 372, 377-384 [96 Cal.Rptr. 825].) It is well established a court may grant damages for breach of contract and declaratory relief in the same action. (*Southern Counties Gas Co., supra,* and cases cited therein.) Clearly, then, the court could grant one but not the other. We conclude causes of action for breach of contract and declaratory relief are not so different the court cannot grant the latter based on the evidence actually produced at trial. (See *Krueger* v. *Bank of America* (1983) 145 Cal.App.3d 204, 207 [193 Cal.Rptr. 322].)

The defendants in the present case were not prejudiced by a declaratory judgment on the rights and duties under the contract they put in issue. We find no merit in their claim they were surprised by their own evidence and not given an adequate opportunity to defend against their own case or counter their own witnesses. Time of payment of the minimum guarantee was put in issue by the plaintiff's complaint and defendants' general denial. In defense to the action defendants introduced the version of the contract they contended controlled the time of payment. The trial court accepted this version of the contract but not the interpretation of it. This is essentially what happened in *Johnson* v. *De Waard, supra,* 113 Cal.App. at page 420,

where the court found no prejudice in the use of the defendants' version of the contract as the basis for findings in favor of the plaintiff. (*Id.*, at p. 423.)

B. *Defendants Failed to Demonstrate Any Error in the Calculation of the Sum Due Fineberg Under the Minimum Guarantee Clause*

The trial court found the contract "provided a minimum guarantee to the producer, [Fineberg], of $130,000.00 without offset for expenses to the *distributor.*" (Italics added.) Niekerk does not challenge this interpretation. Rather, he contends the trial court failed to offset expenses he paid on behalf of the producer, Fineberg.

Based on our reading of the contract and the testimony, we perceive no dispute between the parties as to how the minimum guarantee is to be calculated. There are expenses of production and expenses of distribution. The latter are chargeable against the gross royalties of the film. The former are the sole responsibility of the producer. Distribution expenses charged against royalties do not affect the minimum guarantee. However, production expenses paid by the distributor do affect the minimum guarantee because they are chargeable against the gross royalties of the film. These expenses are the sole responsibility of the producer. Therefore, we conclude, production expenses paid by the distributor to the producer's creditors are chargeable against the minimum guarantee.

The issue defendants actually present on appeal is a challenge to the sufficiency of the evidence supporting the trial court's finding of the balance due under the minimum guarantee based on the foregoing interpretation of the contract. This challenge fails for two reasons.

As the party claiming a set-off for expenses paid on behalf of the other, Niekerk had the burden of establishing what those expenses were. (Evid. Code, §§ 500, 550, subd. (b).) There was no testimony as to what expenses incurred by Niekerk should be charged to Fineberg. There was only the vague assertion by Niekerk that "before the picture even hit the screen, I think it was about $59,000 spent on the picture." There was no testimony as to how much of the $59,000 was properly allocable to production and how much to distribution in accordance with industry practice.

In addition, defendants' distribution reports, admitted into evidence, are not part of the record on appeal. Thus, even though there was testimony about the kinds of expenses customarily borne by the producer, we cannot determine from the record whether these expenses were excluded from the court's calculation or not. When an appellant urges the insufficiency of the evidence to support the findings it is his duty to prepare a record to support

that contention. (*Markley* v. *City Council* (1982) 131 Cal.App.3d 656, 673 [182 Cal.Rptr. 659].) "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." (9 Witkin, Cal. Procedure (1985) § 268, p. 276.)

Thus, we find no error in the amount of the judgment.

C. *The Trial Court Correctly Found Four Years a Reasonable Time in Which to Pay the Balance of the Minimum Guarantee*

We reject, as did the trial court, Niekerk's contention the minimum guarantee was not payable until the termination of the contract, ten years after its inception. The minimum guarantee clause is clearly separate from the basic royalty agreement which does have a 10-year term. The minimum guarantee operates as an advance against royalties as demonstrated by Niekerk's payment of $30,000 of the $130,000 guarantee when the contract was signed. It would make no sense to provide for an advance and then make it payable at the end of the contract. Furthermore, defendants' own expert witness, Friedman, testified the custom in the industry is if the contract does not specify a time for payment of the guarantee, the guarantee is payable in a reasonable time.

The trial court's determination of a reasonable time is binding on us if supported by substantial evidence.[1] (*Calimpco, Inc.* v. *Warden* (1950) 100 Cal.App.2d 429, 443 [224 P.2d 421].) The trial court's determination that four years was a reasonable time for payment of the guarantee is supported by defendants' own experts, Friedman and Johnson.

D. *Remaining Issues*

1. *Attorneys' Fees*

The trial court awarded attorneys' fees to Fineberg as the prevailing party pursuant to the contract. Niekerk contends Fineberg did not prevail. The record does not show Niekerk objected in the trial court to the award of attorneys' fees. The affirmative showing in the record is that Niekerk did not appear at the hearing on Fineberg's motion for attorneys' fees. (5) The determination who, if anyone, is the prevailing party is committed to

---

[1] The provision of Civil Code section 1657, making the payment of money subject to immediate performance where no time period is set, is not applicable to this case. Fineberg conceded the full amount of the guarantee was not due on the signing of the contract. Fineberg did not appeal from the court's determination four years is a reasonable time for payment.

the discretion of the court; it is not purely a question of law. (7 Witkin, Cal. Procedure (3d ed. 1985) § 146, p. 571.) It cannot be raised for the first time on appeal. (Cf. *West* v. *State Farm Mut. Auto. Ins. Co.* (1973) 30 Cal.App.3d 562, 566 [106 Cal.Rptr. 486].)

Even if we were to review the question, we would not disturb the trial court's exercise of discretion under the circumstances of this case. (Cf. *Krueger* v. *Bank of America, supra,* 145 Cal.App.3d at pp. 216-217.)

### 2. *Personal Liability of Sidney Niekerk*

■ Niekerk is correct in his assertion there was no evidence to support a personal judgment against him. The evidence shows Niekerk acted as agent of Cal Vista, a disclosed principal, in all dealings with Fineberg. Moreover, Fineberg does not dispute this point on appeal, thus we take it as conceded.

#### DISPOSITION

The first sentence of paragraph two of the judgment is modified to read, "Plaintiff shall recover from defendant CAL VISTA INTERNATIONAL, LTD., a corporation, costs of suit in the amount of $20,254.95, including attorneys' fees of $19,800.00."

As modified, the judgment is affirmed. Respondent to receive his costs on appeal.

Lillie, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied January 15, 1986, and appellants' petition for review by the Supreme Court was denied March 26, 1986.